IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

                                                                                Civil Action No. 5:24-CV-55

v.

WILLIAM PINTAS,
P&M LAW FIRM, LLC,
P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION LLC, and
JAMES RYDER INTERACTIVE LLC

    Defendants.

## DECLARATION OF DIANA MEY

1.    Before filing this lawsuit, I attempted in good faith to resolve my federal and state telemarketing claims against William Pintas and P&M Law Firm, LLC.

2.    To that end, on March 15, 2023, I emailed a demand letter to bill@pintas.com and laura@pintas.com—addresses associated with the firm's Chicago headquarters.

3.    On March 16, 2023, I was contacted via phone and email by Robby Birnbaum, a Florida attorney associated with the law firm Greenspoon Marder. A few days later I received an email from Mr. Birnbaum's partner, Chris Meier. Upon information and belief, Birnbaum has been the subject of at least one bar complaint in the State of Florida concerning his interactions with a TCPA plaintiff.

4. Between March 16 and April 7, 2023, I exchanged numerous emails with Birnbaum and Meier, who offered assurances to me that Pintas wanted to settle my claims.

5. Instead, on April 4, 2023—the same day that Birnbaum emailed me about setting up a zoom meeting for April 7 "on getting the claim resolved"—Pintas directed the filing of a lawsuit in the Commonwealth of Puerto Rico's Court of First Instance.

6. Prior to the Puerto Rican lawsuit, I had no contacts with the forum jurisdiction—whether in connection with the current claims or otherwise.

7. I did not receive the calls in Puerto Rico; I did not allege any claims arising under Puerto Rican law; I did not accuse P&M Law Firm (PR), LLC of violating telemarketing laws; I did not knowingly direct any communications into Puerto Rico; and I did not do anything to otherwise avail myself of the Puerto Rican courts.

8. I have never in my life been to Puerto Rico, owned any property in Puerto Rico, transacted business in Puerto Rico, or owned an interest in any entity that to my knowledge has done business in Puerto Rico.

9. I sent my pre-suit demand letter by email to addresses at the pintas.com domain. Based on my research, (a) the P&M Law Firm, LLC website to which those email addresses correspond belong to P&M Law Firm, LLC, which is organized and

located in Chicago, Illinois;[1] (b) the firm's website alludes to work in other domestic cities—but none in Puerto Rico;[2] (c) there is not a single reference on the website to Pintas' Puerto Rican tax shelter;[3] and (d) the demand letter was directed to William Pintas, a lawyer licensed in Illinois—not Puerto Rico.[4]

10.     Once the Puerto Rican lawsuit was filed, I received two emails and a complaint written in Spanish. Assuming the emails were mere spam, I deleted them.

11.     Even though Pintas and his attorneys were aware of my residential address, I later learned that Pintas petitioned the Puerto Rican court for permission to serve the complaint via publication. A "summons by edict" was subsequently published in the "Primera Hora"—a Puerto Rican publication written in Spanish, of which I was obviously not aware and, even then, could not read.

12.     Following substituted service by publication, Pintas quickly obtained entry of default against me. I never had the opportunity to learn of the specific allegations against me, much less offer a defense.

13.     Once I learned of the default, I retained Puerto Rican counsel and obtained a translated copy of the Puerto Rican complaint. Fortunately, my Puerto Rican counsel was eventually able to get the default lifted.

---

[1] *See* https://apps.ilsos.gov/businessentitysearch/businessentitysearch
[2] *See* https://www.pintas.com/ (last visited April 22, 2024).
[3] *Id.*
[4] *See* https://www.iardc.org/Lawyer/Search

14. Through my Puerto Rican counsel, I moved to dismiss the Puerto Rican lawsuit for lack of personal jurisdiction. The commonwealth court, however, declined to resolve the jurisdictional question, holding the motion in abeyance and ordering both jurisdictional and merits discovery in the interim.

15. Pintas alleges that I consented to the calls via their website on February 9, 2023. However, I only visited the Pintas website after I received the first unsolicited call on February 8, 2023.

16. Pintas alleges that I initially requested follow-up calls from Pintas-affiliated telemarketers. I did not. My call recordings demonstrate that no such requests were made.

17. Pintas alleges that the calls I received from Pintas-affiliated telemarketers stopped when requested. That is also false. Again, my call records and recordings prove that I received numerous additional unsolicited calls after requesting that they cease.

18. In the Puerto Rican case, Pintas has served hundreds of interrogatories, demanded production of documents and records far exceeding any relevant purpose, and has demanded that my husband and I travel to Puerto Rico, at our own expense, to sit for depositions. Pintas has solicited and submitted false declarations from third parties intended to harm my and my counsel's reputations. And Pintas has also demanded the deposition of my longtime attorney in the United States, referring to him as a "coconspirador" in fraud and, on that frivolous basis, demanding that he divulge information protected by the attorney-client privilege.

19.  To date, I have incurred tens of thousands of dollars defending Pintas' fraudulent lawsuit in Puerto Rico.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<table>
<tr><td>04/25/2024</td><td><i>Diana Mey</i></td></tr>
<tr><td>Date</td><td>Diana Mey</td></tr>
</table>