IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

Civil Action No. 5:24-CV-55

WILLIAM PINTAS,
P&M LAW FIRM, LLC,
P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION LLC, and
JAMES RYDER INTERACTIVE LLC

    Defendants.

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Anticipating this lawsuit under the Telephone Consumer Protection Act, Defendant P&M Law Firm (PR), LLC filed a preemptive lawsuit accusing Plaintiff Diana Mey of fraud *in the trial court of the territory of Puerto Rico*. The shameful purpose of that lawsuit is twofold. For one, the Puerto Rican lawsuit is intended to harass and punish Mey for enforcing the TCPA—and cause her to incur significant legal fees to defend her in a remote jurisdiction where language barriers pose an additional burden. (Demonstrating the harassing and vexatious purpose, the P&M Law Firm (PR) purported to serve process on Mey *by publication in Puerto Rico*). The second purpose of the Puerto Rican lawsuit is to have its territorial court *preempt* this Court on the question of TCPA liability, because Defendants are asking that court to

resolve Mey's TCPA claims against Defendants under the veil of declaratory judgment with res judicata effect.

While Mey will diligently pursue her TCPA claims against Defendants in this Court, Defendants' frivolous lawsuit against her in Puerto Rico territorial court threatens this Court's ability to adjudicate this case under its own jurisdiction. At least two grounds authorize this Court to enjoin Defendants from continuing to prosecute their harassing Puerto Rican case against Mey.

*First*, this Court can issue an antisuit injunction as "necessary in aid of its jurisdiction." 28 U.S.C. § 2283. Such an injunction is proper where it "may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coastline R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970). That standard is readily met here.

*Second*, this Court can also issue an antisuit injunction to prevent irreparable harm to Mey that is threatening to occur in the Puerto Rican lawsuit, because Defendants are insisting on taking the deposition of Mey's long-time attorney to obtain confidential and privileged attorney-client communications and information. Defendants are asserting that Mey and her attorney have engaged in an unlawful conspiracy to manufacture TCPA claims against them and now seek to directly invade the privilege. If the territorial trial court forces Mey's counsel to do so, the bell cannot be unrung. The harm would be irreparable, which is also a basis to enjoin Defendants' litigation of the Puerto Rican case. *See Vick v. Rodriguez*, 2022 WL 1063890, at *11

2

(D.P.R. Apr. 8, 2022) (allowing antisuit injunction "where there has been an adequate showing of irreparable injury") (citing *Wulp v. Corcoran*, 454 F.2d 826 (1st Cir. 1972)).

And given that the Puerto Rican lawsuit serves no legitimate purpose—other than to harass Mey and cost undue expense—the equities likewise justify the equitable remedy of an antisuit injunction. As such, Mey moves this Court to enjoin Defendants William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC from further prosecuting claims against Mey in the Puerto Rican commonwealth court.

## BACKGROUND

Defendant William Pintas is a lawyer residing in Chicago, Illinois. ECF No. 1, at ¶ 8. In addition to operating P&M Law Firm, LLC in Chicago, Pintas founded P&M Law Firm (PR), LLC in Puerto Rico, presumably for tax avoidance purposes.[1] *Id*. at ¶ 8. Plaintiff Diana Mey alleges that William Pintas, P&M Law Firm, LLC, and their agents knowingly engaged in widespread illegal telemarketing in violation of the TCPA all in an effort to solicit clients for the Camp Lejeune mass tort litigation. *Id*. at ¶ 2.

### *Domestic Settlement Communications*

Before filing her lawsuit, Mey attempted in good faith to resolve her federal and state telemarketing claims against William Pintas and P&M Law Firm, LLC. *See* Exhibit 1, at ¶1 (Decl. of Diana Mey). To that end, on March 15, 2023, Mey

---

[1] Defendants William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC are collectively referred to as "Pintas."

3

emailed a demand letter to bill@pintas.com and laura@pintas.com—addresses associated with the firm's Chicago headquarters. *Id.* at ¶2. On March 16, 2023, Mey was contacted via phone and email by Robby Birnbaum, a Florida attorney associated with the law firm Greenspoon Marder. *Id.* at ¶3. Upon information and belief, Birnbaum—who would later file an affidavit in the Puerto Rican lawsuit containing false allegations against Mey and her counsel—has been the subject of at least one bar complaint in the State of Florida concerning his conduct toward a TCPA plaintiff.

Between March 16 and April 7, 2023, Mey exchanged numerous emails with Birnbaum and his partner Chris Meier, who offered assurances to Mey that Pintas wanted to settle her claims. *Id.* at ¶4. Unbeknownst to Mey, however, Pintas had no intention of settling the claims, but was simultaneously scheming to file a meritless action in Puerto Rico for the sole purpose of intimidating and coercing Mey into abandoning her claims.

*The Puerto Rican Action*

On April 4, 2023—the same day that Birnbaum emailed Mey about setting up a zoom meeting for April 7 "on getting the claim resolved"—Pintas directed the filing of a lawsuit in the Commonwealth of Puerto Rico's Court of First Instance.[2] *Id.* at ¶5. In that lawsuit, Pintas asserts a claim for fraud, accusing Mey of somehow entrapping the firm into violating state and federal telemarketing laws. *See* Exhibits 2-3.

---

[2] A copy of the as-filed complaint is attached as Exhibit 2. An unofficial translated copy of that complaint is attached as Exhibit 3.

4

Pintas also seeks declarations that none of the calls to Mey violated the TCPA because (a) Mey allegedly consented to be called, (b) Mey established a business relationship with the caller; (c) Mey is not a "residential subscriber" under the TCPA, and (d) there is no cause of action for a telemarketer's failure to honestly identify itself. *Id*. Put another way, Pintas has invited the Puerto Rican court to resolve Mey's federal claim under the auspices of declaratory judgment.

*Manufactured Jurisdiction*

The very procedural nature of the Puerto Rican lawsuit further exposes its disingenuous purpose. For instance, the Puerto Rican court obviously lacks personal jurisdiction over Mey.[3] Mey did not receive the calls in Puerto Rico; she had not alleged any claims arising under Puerto Rican law; she had not accused P&M Law Firm (PR), LLC of violating telemarketing laws; she had not directed any communications into Puerto Rico; and she has not done anything to otherwise avail herself of the Puerto Rican courts. Exhibit 1, at ¶ 7. So, in order to manufacture jurisdiction, Pintas points exclusively to Mey's pre-suit demand letter. But this is a wholly insufficient basis to establish personal jurisdiction. Mey sent her demand

---

[3] It's also unclear whether the Puerto Rican court has the requisite subject matter jurisdiction to resolve Mey's federal claims. Though federal and state courts have concurrent jurisdiction over private suits arising under the TCPA, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), this concurrent jurisdiction does not appear to extend to Puerto Rico's commonwealth courts. *Compare* 47 U.S.C. § 227(c) (providing that claims may be brought "in an appropriate court of that State") *with* 47 U.S.C. § 224 (defining "State," for purposes of that particular section, to include "any State, territory, or possession of the United States, the District of Columbia, or any political subdivision, agency, or instrumentality thereof"); *see also, United States v. Diaz*, 712 F.2d 36, 39 (2d Cir. 1983) (providing that intent to include Puerto Rico within scope of a statute will not be implied where statute itself is silent but similar statutes expressly address inclusion) (collecting cases).

5

letter by email to addresses at the pintas.com domain. *Id*. at ¶9. The website to which those email addresses correspond belong to P&M Law Firm, LLC, which is organized and located in Chicago, Illinois. *Id*. The firm's website alludes to work in other domestic cities—but none in Puerto Rico. *Id*. Indeed, there is not a single reference on the website to Pintas' Puerto Rican tax shelter. *Id*. Moreover, the demand letter was directed to William Pintas, a lawyer licensed in Illinois—not Puerto Rico. *Id*. Personal jurisdiction aside, there is no discernable nexus between Pintas' claims and the Puerto Rican forum, suggesting that the forum was chosen only to oppress Mey.

*Underhanded Service and Default Judgment*

Once filed, Pintas served the Puerto Rican lawsuit on Mey in an underhanded fashion, designed to ensure default judgment. First, Pintas attempted to trick Mey into accepting service. Though both Pintas and Mey are native English speakers, Pintas directed his Puerto Rican attorneys to send Mey an email and complaint written in Spanish. Exhibit 1, at ¶10. Assuming the email was mere spam, Mey deleted them. *Id*.

Having failed in their effort to effectuate service via email—and despite the fact that they were well aware of Mey's residential address—Pintas thereafter petitioned the Puerto Rican court for permission to serve the complaint via publication. Id. at ¶11. A "summons by edict" was subsequently published in the "Primera Hora"—a Puerto Rican publication written in Spanish, of which Mey was obviously not aware and, even then, could not read. *Id*.

Following substituted service by publication, Pintas quickly obtained entry of default against Mey, who—very much by design—never had the opportunity to learn of the specific allegations against her, much less offer a defense. *Id*. at 12. Eventually, Mey learned of the default and, after finally obtaining Puerto Rican counsel and a translated copy of Pintas' complaint, Mey was able to have the default lifted. *Id*. at ¶ 13.

*Motion to Dismiss and Discovery*

Mey, through her Puerto Rican counsel, moved to dismiss the Puerto Rican lawsuit for lack of personal jurisdiction. *Id*. at ¶14. The commonwealth court, however, declined to resolve the jurisdictional question, holding the motion in abeyance and ordering both jurisdictional and merits discovery in the interim. *Id*.

*Further Instances of Dishonesty*

The Puerto Rican lawsuit is marked with further instances of dishonesty. First, Pintas alleges that Mey consented to the calls via their website on February 9, 2023. Id. at ¶15. But Pintas' own call records, as well as Mey's call recordings, conclusively establish that Mey received the first unsolicited call on February 8, 2023. *Id*. Second, Pintas alleges that Mey initially requested follow-up calls from Pintas-affiliated telemarketers. *Id*. at ¶ 16. But once again, Mey's call recordings conclusively disprove that claim. *Id*. And third, Pintas alleges that the calls from Pintas-affiliated telemarketers stopped when requested. *Id*. at ¶17. That is also false. *Id*. Mey's call records prove that she received numerous additional unsolicited calls after requesting that they cease. *Id*.

7

*Recent Developments*

Following the Puerto Rican court's refusal to rule on jurisdiction, Pintas has continued to engage in bad-faith litigation conduct designed to exact punishment on Mey. Pintas has served hundreds of interrogatories, demanded production of documents and records far exceeding any relevant purpose, and has demanded that Mey and her husband travel to Puerto Rico, at their own expense, to sit for depositions. *Id*. at ¶18. Pintas has solicited and submitted false declarations from third parties intended to harm Mey and her counsel's reputations. And, disturbingly, Pintas has demanded the deposition of Mey's longtime attorney in the United States, referring to him as a "coconspirador" in fraud and, on that frivolous basis, demanding that the attorney divulge information protected by the attorney client privilege. *Id*.

To date, Mey has incurred tens of thousands of dollars defending Pintas' fraudulent lawsuit. *Id*. at ¶19.

\*\*\*

In sum, Pintas filed a knowingly false complaint accusing Mey of fraud, offered further falsehoods to manufacture jurisdiction in a far-flung tribunal, and improperly and deceitfully served the complaint in order to obtain a default judgment—all for the purpose of harming Mey, coercing her into dropping her TCPA advocacy, and depriving this Court of its authority to resolve Mey's legitimate claims.

**ARGUMENT**

The requested injunction is both permissible and necessary. First, the All Writs Act empowers federal courts to enjoin interfering state proceedings in aid of

8

their own federal jurisdiction. Second, the circumstances of this case fall within one of the statutory exceptions to the Anti-Injunction Act ("AIA"), which otherwise limits the power of federal courts to enjoin state court proceedings. And third, the equities necessitate the requested relief. Mey discusses each issue in turn.

### A. The All Writs Act Affords the Requested Injunctive Relief.

The All Writs Act grants district courts the authority to enjoin parallel litigation in both federal and state courts under certain circumstances. The statute provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This includes the ability to enjoin parties from engaging in litigation in another court. *See In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017).

### B. The Anti-Injunction Act Does Not Preclude an Injunction.

The equitable authority afforded by the All Writs Act is circumscribed, to an extent, by the AIA. *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 261 F.3d 355, 365 (3d Cir. 2001) ("The All Writs Act acts in concert with the Anti-Injunction Act to permit the issuance of an injunction") (cleaned up). The AIA provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. In addition, courts have also recognized a fourth exception justifying intervention in such cases "where there has been an adequate showing of irreparable injury." *Vick v.*

9

*Rodriguez*, 2022 WL 1063890, at *11 (D.P.R. Apr. 8, 2022); *Wulp v. Corcoran*, 454 F.2d 826 (1st Cir. 1972); *In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 520 F. Supp. 635, 662 (D. Minn. 1981).[4]

Here, the requested injunction falls within the second exception, providing for injunctions "necessary in aid of its jurisdiction." This exception applies in instances where it "may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coastline R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970). This exception also permits federal courts to intervene in cases where proceedings in state courts would make the ongoing oversight of federal cases unmanageable. *See e.g., Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 197 (3rd Cir. 1993) (injunction found appropriate in complex class action where potential settlement was imminent and federal court invested considerable time in such efforts); *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir.1985) (upholding injunction against state court actions to protect ability of federal court to manage and to settle multidistrict class action proceeding which was far advanced and in which court had extensive involvement); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996) (federal court managing multidistrict litigation authorized to enjoin parallel state proceedings to protect integrity of pretrial discovery orders).

---

[4] "State court," as used by the AIA, is generally understood to include the commonwealth courts of Puerto Rico. *See generally WM Cap. Partners 53, LLC v. Barreras, Inc.,* 2022 WL 2111668, at *1 (D.P.R. Apr. 19, 2022); *Vick*, 2022 WL 1063890, at *11.

The circumstances of the harassing Puerto Rico litigation satisfy the second exception under the AIA. In the Puerto Rican lawsuit, Pintas has essentially recharacterized anticipated defenses to federal claims as affirmative claims for relief under state law. Pintas does so in hopes that the Puerto Rican commonwealth court will preemptively extinguish Mey's federal claims under the guise of declaratory judgment. Should the Puerto Rican court decide those claims in favor of Pintas, then Pintas will presumably leverage the doctrines of res judicata and claim preclusion to deprive this Court of its authority to adjudicate Mey's claims. That the Puerto Rican action threatens to deprive this Court of jurisdiction compels this Court's intervention.

But a second, independently sufficient reason warrants an injunction here. Pintas is now urging the territorial court to compel the disclosure of privileged communications between Mey and her longtime attorney. Pintas has accused Mey's attorney, Ryan Donovan, of being a co-conspirator in Mey's supposed attempts to entrap Pintas into violating federal telemarketing laws. These false and defamatory accusations, Pintas asserts, entitles him to discover privileged communications between Mey and her domestic attorneys. Should the territorial court force Attorney Donovan to disclose such communications, Mey will be irreparably harmed by the disclosure of privileged communications. A money judgment will not remedy such harm. Judging by the territorial court's reluctance to faithfully apply the requirement of personal jurisdiction—and is instead allowing discovery, etc.—an injunction is

necessary to prevent irreparable harm that will flow from the disclosure of privileged communications.

### C. The Equities Further Support an Injunction

Because the generic four-part test for preliminary injunctions provides an awkward fit in cases contemplating injunctions of state and foreign proceedings, district courts have no obligation to employ it in such contexts. *See Quaak v. Klynveld Peat Marwick*, 361 F.3d 11, 20 (1st Cir. 2004). When an injunction is otherwise permissible under the Anti-Injunction Act, courts will instead weigh the more general "principles of equity, comity, and federalism." *Wyly v. Weiss*, 697 F.3d 131, 144 (2d Cir. 2012); *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 634 F. Supp. 3d 158, 171 (S.D.N.Y. 2022). Here, the equities counsel in favor of enjoining the Puerto Rican proceedings.

**First**, the Puerto Rican action is legally improper, meaning this Court's interests in preserving federalism with a "state" court is not significantly disturbed by the issuance of injunctive relief. For instance, when a lawsuit seeks a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued by reason of alleged wrongful conduct, courts have held such an application is not a warranted purpose for a declaratory judgment action. *See, e.g., Balarezo Family Chiropractic, LLC v. State Farm Mutual*, 2024 WL 1343178, at *14 (S.D. Fla. Feb. 12, 2024). As in those cases, when Pintas filed their lawsuit, they essentially asked the territorial court to rule on the viability of a then-hypothetical claim which may never have been brought, and affirmative defenses that may never

12

have been asserted. *See Transamerica Life Ins. Co. v. Daibes Gas Holdings Atlanta, L.L.C.*, No. 18-cv-10869, 2018 WL 5033755, at *5 (D.N.J. Oct. 17, 2018). The requested ruling would amount to an advisory opinion. The Puerto Rican action is simply a ploy to avoid resolution of federal claims by a federal court. Here, Pintas has cast anticipated defenses to federal claims as declaratory claims for relief under state law. In doing so, Pintas is attempting to preempt this Court on the question of TCPA liability. Such gamesmanship should not be rewarded.

**Second**, the Puerto Rican action has all the markings of abusive and vexatious litigation intended to harass and cause undue expense. For starters, Pintas filed a lawsuit, littered with misrepresentations, in a far-flung jurisdiction with no discernable connection to the parties or claims. Indeed, William Pintas, a resident of Chicago, who owns and operates a law firm in Chicago, chose not to file his fraud and declaratory judgment claims in Illinois courts. Instead, Pintas elected to file the lawsuit in a territorial trial court of Puerto Rico, leaving this Court to infer that decision was made only to exact the most harm and expense to Mey. Venue aside, Pintas has used the procedural mechanisms of service to further oppress, securing default judgment by effectuating service through publication in an obscure Puerto Rican newspaper. Mey continues to be harmed by the expense of defending against this fraudulent lawsuit and underhanded tactics. *In re Baldwin-United Corp.*, 770 F.2d at 337 ("To the extent that the impending state court suits were vexatious and harassing, our interest in preserving federalism and comity with the state courts is not significantly disturbed by the issuance of injunctive relief.").

**Third**, that Pintas has asked the Puerto Rican court to dissolve the attorney-client privilege between Mey and her attorneys presents a real and imminent threat of irreparable harm, which counsels in favor of an injunction under both the second and fourth exceptions to the Anti-Injunction Act.

## Conclusion

For the foregoing reasons, the requested injunction is both permissible and necessary to protecting this Court's own jurisdiction and insolating Mey from irreparable harm. As such, Mey moves this Court for a temporary restraining order enjoining Defendants William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC from further prosecuting claims against Mey in the Puerto Rican territorial court, and requests a hearing on a preliminary injunction at the Court's earliest convenience.[5]

**DIANA MEY**

By Counsel:

/s/ Ryan McCune Donovan
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

---

[5] Pursuant to the requirements of Federal Rule of Civil Procedure 65(b)(1)(B), Ms. Mey's counsel certifies that, although no counsel has yet appeared on behalf of the Defendants in this matter, counsel has attempted to provide notice of this motion to the Defendants' known attorneys via e-mail, contemporaneous with this filing.

## Certificate of Service

      I hereby certify that, on April 25, 2024, a copy of the foregoing docket was served via the Court's electronic filing system.

<u>/s/ Ryan McCune Donovan</u>
Ryan M. Donovan (WVSB #11660)
