# Exhibit 2

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| P&M LAW FIRM (PR), LLC, | CIVIL NÚM. _____ |
| Plaintiff, | FRAUDE; SENTENCIA DECLARATORIA; INJUNCTION PERMANENTE Y DAÑOS |
| vs. | |
| DIANA MEY, | |
| Defendant. | |

_____/

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante P&M Law Firm (PR), LLC ("P&M"), por conducto de la representación legal que suscribe, y muy respetuosamente presenta esta *Demanda* contra Diana Mey (la "Demandada") solicitando daños, órdenes de *injunction* preliminar y permanente y sentencia declaratoria en contra de la Demandada, y en apoyo de ello expone y alega:

**INTRODUCCIÓN**

1. La Demandada alega que es una defensora del consumidor. En realidad, es una demandante de profesión que, desde la década de 1990, ha interpuesto docenas de demandas ante tribunales estatales y federales en virtud de la *Telephone Consumer Protection Act*, 47 U.S.C. § 227 ("TCPA") y leyes relacionadas, y probablemente ha extendido muchas más ofertas de transacción, para sus propios fines pecuniarios y comerciales o de negocio. La Demandada ha implementado un modelo de negocio que le ha dejado una fortuna.

2. La Demandada es la antítesis del tipo de consumidor que el Congreso de los Estados Unidos pretendía proteger al promulgar el TCPA. Lejos de ser la desventurada víctima de un gran número implausible de llamadas de *telemarketing* no solicitadas, la Demandada activamente busca esas llamadas y luego las recibe y acoge, ingeniándose y creando un sistema para que se le hagan y ella reciba más llamadas. Esta *Demanda* surge de su modelo de negocio.

3. En este caso, la Demandada accedió a una página web para personas que buscan ayuda para determinar si pudiesen tener una reclamación por daños a raíz de su exposición al agua contaminada en el Marine Corp Base Camp Lejeune en Jacksonville, Carolina del Norte, de conformidad con el *Camp Lejeune Justice Act of 2022*.

4. La parte demandante es un bufete de abogados que se dedica, en parte, a la

representación de dichas personas a través de referidos o *referrals*. Algunos referidos provienen de la página web "*Legal Help Advisor*", específicamente https://lawsuits.legalhelpadvisor.com/cl/ (la "Página Web").

5. El 9 de febrero de 2023, la Demandada visitó la Página Web y, utilizando un seudónimo de Rhonda Nicholson, presentó ese nombre falso, proporcionó el número de teléfono (304) 242-4327, y consintió a recibir "autodialed and/or prerecorded telemarketing calls from or on behalf of Legal Help Advisor at the telephone number I provided above . . . ."

6. Así tendió una trampa, como ha hecho anteriormente un sinnúmero de veces bajo su modelo de negocio. En llamadas telefónicas hechas a la Demandada comenzando ese día, ella continuó haciéndose pasar por "Rhonda Nicholson" y solicitó una llamada de seguimiento para obtener más información sobre una posible reclamación. Estos actos eran deliberadamente falsos. La única reclamación que la Demandada tenía en mente era la que estaba preparando contra el Demandante, entre otros.

7. El siguiente paso del modelo de negocio se llevó a cabo poco después. La Demandada le sometió a la parte demandante y a otros una oferta de transacción extrajudicial de seis cifras y, presumiblemente para impulsar y forzar un acuerdo, ese mismo día presentó una queja ética ("formal bar complaint") contra un bufete de abogados afiliado a P&M con sede en Chicago. La *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois* determinó rápidamente no iniciar una investigación sobre la queja de la Demandada.

8. La conducta de la Demandada es una práctica comercial engañosa o desleal y constituye fraude. También existen varias controversias justiciables entre las partes que requieren una declaración de este Tribunal. El Demandante presenta esta *Demanda* para obtener indemnización por daños, un *injunction* para impedir que la Demandada repita y continúe con su modelo de negocio contra el Demandante, y para decidir ciertos asuntos en cuestión entre las partes para a su vez disponer de varias disputas entre ellas.

**JURISDICCIÓN, LAS PARTES Y COMPETENCIA**

9. Este Honorable Tribunal posee jurisdicción en esta reclamación a tenor con el Artículo 5.001 de la *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA § 25a, y la Regla 3.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 3.1.

10. P&M es una compañía de responsabilidad limitada organizada de conformidad con las leyes del Estado Libre Asociado de Puerto Rico y con oficinas en San Juan, Puerto Rico.

11. A tenor con la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1, y la Regla 21 de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 21, se informa que la dirección física y postal de P&M y su número de teléfono son los siguientes:

P&M Law Firm (PR), LLC
270 Ave. Muñoz Rivera
Suite 201
San Juan, PR 00918
Phone: (312) 488-2000

12. La Demandada es una persona natural residente y ciudadana del estado de West Virginia.

13. La Sala Superior de San Juan del Tribunal de Primera Instancia es la sala con competencia y jurisdicción para entender en el caso de epígrafe en virtud de las Reglas 3.1, 3.4 y 3.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 3.4, 3.5. La controversia objeto de esta Demanda surge dentro de la demarcación territorial del Estado Libre Asociado de Puerto Rico. Además, dicha controversia o alguna parte de ella tuvo su origen en San Juan, y, además, la Demandada no reside en Puerto Rico. Este Tribunal posee jurisdicción personal sobre la Demandada debido a que una parte sustancial de los hechos u omisiones que dieron lugar a la *Demanda* se produjeron y ocurrieron en el Estado Libre Asociado de Puerto Rico, ya que la Demandada dirigió su reclamo extrajudicial y su evaluación del valor de una transacción –estimado en seis cifras– relacionado al reclamo extrajudicial a P&M en Puerto Rico, y es allí donde se han producido y sufrido los daños por parte de P&M como consecuencia de la conducta de la Demandada.

## HECHOS

14. La Demandada es una demandante profesional, que ha presentado docenas de demandas en tribunales estatales y federales al amparo del TCPA, incluyendo pleitos de clase, desde la década de los 1990s.

15. Ella opera este negocio desde su casa en Wheeling, West Virginia, dedicado a orquestar demandas bajo el TCPA, incluyendo pleitos de clase bajo el TCPA, únicamente para su propio beneficio pecuniario.

16. La Demandada recibe y acepta un gran volumen de llamadas de *telemarketing*. Para engañar a negocios para que la llamen y hacer que los negocios la llamen y continúen llamándola con supuestas violaciones del TCPA, la Demandada oculta su identidad, finge interés en los productos o servicios ofrecidos por los *telemarketers* y solicita llamadas de seguimiento para luego poder demandar a esos negocios. A través de este modelo de negocio, la Demandada se ha

3

convertido en una experta engañando a los *telemarketers* para que identifiquen o impliquen a empresas o negocios a los cuales ella luego puede amenazar con un litigio y demandar para así lucrarse significativa y personalmente.

17. La Demandada utiliza nombres falsos porque sabe que los *telemarketers* tienen acceso a servicios que filtran las llamadas salientes (*outgoing calls*) y que previenen que se inicie una llamada telefónica a un litigante del TCPA que sea conocido, siendo la Demandada una de las más prolíficas. Esta es una de las varias tácticas engañosas y desleales que utiliza para asegurarse de que los *telemarketers* no se den cuenta de que se les está tendiendo una trampa para poder presentar un litigio y para evitar que detengan todas las llamadas a ella.

18. La Demandada incluso ha instalado equipos para contestar y grabar llamadas telefónicas que son más sofisticados que aquellos de un consumidor promedio para promover y adelantar su negocio de reclamaciones bajo el TCPA.

19. Este esquema de negocio ha sido fructuoso pues ha logrado generar litigios y transacciones lucrativas para la Demandada.

20. La Demandada alega que su número de teléfono celular está inscrito en el *National Do-Not-Call Registry* ("NDNCR")" desde hace décadas, pero ésta utiliza ese número primordialmente para propósitos de negocio – su esquema de negocio del TCPA – lo que hace que su número esté exento de la protección del NDNCR, en otras palabras, que no esté protegido por el NDNCR.

21. Los litigios al amparo del TCPA que ha generado el negocio de la Demandada la han beneficiado a ella y a sus abogados únicamente; a nadie más.

22. El Demandante y sus bufetes de abogados afiliados son verdaderos defensores de personas perjudicadas por algún tipo de *personal injury*, negligencia médica y derechos civiles, y de consumidores que han sido perjudicados. Han obtenido transacciones y sentencias totalizadas en los cientos de millones de dólares para esas personas perjudicadas.

23. Entre otras cosas, el Demandante está envuelto en la representación de personas que tienen reclamaciones por daños causados por la exposición a aguas contaminadas en Camp Lejeune.

24. La Demandada se propuso deliberada y cínicamente a recibir llamadas sobre una posible reclamación en su nombre – o, más bien, bajo su seudónimo – al amparo de una ley aprobada por el Congreso de los Estados Unidos para ayudar a veteranos y sus familiares tras la

4

exposición a agua contaminada en una base militar.

25. El 9 de febrero de 2023 a las 10:55 a.m., la Demandada visitó la Página Web.

26. El diseño y formato de la Página Web era el siguiente:



27. La Demandada sometió el nombre de "Rhonda Nicholson", la dirección de correo electrónico lincolnwva@gmail.com, su número de teléfono (304) 242-4327, marcó la casilla mediante la cual consintió a recibir llamadas de *telemarketing* de parte de o en nombre de *Legal Help Advisor* al número de teléfono que facilitó anteriormente, y pulsó el botón de "Enviar".

28. La Página Web es operada por una entidad con la cual el Demandante tiene una relación contractual para generar clientes potenciales. Representantes de dicha entidad realizan llamadas telefónicas a clientes potenciales luego de que la persona consiente a recibir las llamadas (incluyendo mediante su consentimiento a través de la Página Web) para corroborar su información y completar el proceso de *intake* para clientes nuevos.

29. A las 12:28 p.m., la Demandada contestó una llamada realizada a Rhonda Nicholson al número de teléfono que sometió a través de la Página Web. La Demandada se hizo pasar por la Sra. Nicholson. Si hubiese dicho la verdad, "Aquí no hay nadie con ese nombre", no hubiese podido reclamar ni tuviese el supuesto potencial de lucrarse. Así que la Demandada continuó con las mentiras. A sabiendas de que no tenía reclamación alguna bajo el *Camp Lejeune*

5

*Justice Act of 2022*, de todos modos programó una llamada de seguimiento para corroborar cierta información como parte del proceso para presentar la supuesta reclamación.

30. Esa llamada ocurrió a las 12:33 p.m., tal y como ella solicitó. La Demandada se hizo pasar una vez más por la Sra. Nicholson y volvió a fingir interés en una reclamación bajo el *Camp Lejeune Justice Act of 2022*, con el único fin de que se le realizaran más llamadas telefónicas.

31. En efecto, la Demandada coordinó una llamada de seguimiento para ese mismo día, para aproximadamente las 5:00 p.m., en relación con su interés en la supuesta reclamación a su nombre/en nombre de la Sra. Nicholson a raíz de la exposición con las aguas contaminadas de Camp Lejeune.

32. La Demandada no contestó esa llamada (podría haber estado tendiéndole una trampa similar a otro *telemarketer* en ese momento).

33. La Demandada contestó una llamada realizada al día siguiente, 10 de febrero, a las 6:01 p.m. Ésta nuevamente se hizo pasar por Rhonda Nicholson, y una vez más mintió sobre su intención de presentar una reclamación bajo el *Camp Lejeune Justice Act of 2022*. Incluso, la Demandada participó del proceso de *intake* y habló y contestó preguntas como Rhonda Nicholson, **durante más de 16 minutos**.

34. No fue hasta que se le envió un contrato de *engagement* que identificaba los bufetes de abogados implicados en cualquier representación que la Demandada informó al representante que deseaba cancelar cualquier contrato de *engagement* y que sólo quería averiguar quién la llamaba, ya que su número de teléfono estaba inscrito en el *National Do-Not-Call Registry*. Las llamadas cesaron.

35. El 15 de marzo de 2023, la Demandada envió un correo electrónico utilizando su nombre real – Diana Mey – a dos socios del Demandante, William Pintas y Laura Mullins, entre otros.

36. En el correo electrónico, la Demandada acusó al Demandante y a los demás destinatarios del correo electrónico de violar el TCPA y el *West Virginia Consumer Credit and Protection Act* ("WVCCPA") basándose en una narración de hechos falsa y en una caracterización errónea del TCPA y el WVCCPA.

37. La Demandada admitió en el correo electrónico que utilizó el "seudónimo único Rhonda Nicholson."

6

38. La Demandada alegó en el correo electrónico que el Demandante y los demás que lo recibieron eran responsables por los daños que le ocasionaron, valorados en unas seis cifras, e hizo una oferta de transacción extrajudicial de esa misma magnitud.

39. Treinta minutos antes, la Demandada había enviado un correo electrónico al *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois* ("ARDC"), la entidad disciplinaria de abogados admitidos a la práctica de la abogacía en el estado de Illinois, como lo son el Sr. Pintas y la Sra. Mullins. La Demandada presentó una queja contra el bufete de abogados Pintas & Mullins por una supuesta infracción a la Regla 7.3 de las *Illinois Rules of Professional Conduct for Attorneys* en relación con la solicitación de posibles clientes (según la Demandada, a "formal bar complaint against the law firm of Pintas & Mullins . . . for violations of Rule 7.3 of the Illinois Rules of Professional Conduct for Attorneys involving solicitation of prospective clients"), a saber, por las mismas llamadas telefónicas identificadas en su oferta de transacción extrajudicial.

40. El 17 de marzo de 2023, la ARDC le comunicó al Sr. Pintas que habían determinado no iniciar una investigación basada en la queja de la Demandada.

## PRIMERA CAUSA DE ACCIÓN
**Fraude**

41. Se incorporan y se hacen formar parte de esta causa de acción las alegaciones fácticas precedentes.

42. La Demandada ha cometido fraude contra el Demandante porque hizo varias representaciones materiales falsas, a sabiendas de que eran falsas y en las cuales pretendía que el Demandante confiara y descansara, con el único propósito de inducir a que se hicieran llamadas telefónicas adicionales a su número de teléfono. La Demandada hizo esto para poder utilizar el recibo de esas llamadas telefónicas – a las cuales había consentido – para radicar una demanda contra el Demandante y otros.

43. Las llamadas telefónicas a la Demandada se realizaron en respuesta al consentimiento que dio a través de la Página Web y a sus preguntas y solicitudes para que se le hicieran llamadas telefónicas de seguimiento adicionales para explorar la supuesta posible reclamación bajo el *Camp Lejeune Justice Act of 2022*. Las llamadas telefónicas por las cuales la Demandada ahora alega que el Demandante (y otros) son responsables se realizaron únicamente porque la Demandada indujo al Demandante a hacerlas, confiando y descansando en sus representaciones falsas, hechas bajo un seudónimo, sobre su consentimiento para recibir dichas

7

llamadas telefónicas y solicitando llamadas adicionales, en detrimento de las personas o entidades que llamaron y del Demandante. Debido a que la intención de la Demandada era intentar sentar las bases para un caso contra el Demandante, la reputación del Demandante de defensor real de los consumidores y personas perjudicadas se ha visto negativamente afectada. El Demandante también ha sufrido daños monetarios ya que tuvo que contratar representación legal y presentar esta demanda para reivindicar sus derechos.

44. Específicamente, en al menos tres ocasiones distintas, el 9 de febrero de 2023 a las 10:55 a.m., el 9 de febrero de 2023 a las 12:28 p.m., y el 9 de febrero de 2023 a las 12:33 p.m., la Demandada dio su consentimiento a través de terceros y expresó su interés en recibir llamadas telefónicas a su número de teléfono con el propósito de obtener más información sobre los servicios del Demandante.

45. La Demandada pretendía que el Demandante y los terceros que realizaban las llamadas – según la Demandada, a nombre del Demandante – confiaran y descansaran en sus representaciones para que la contactasen.

46. A pesar de que la Demandada sabía que no quería recibir las llamadas telefónicas a las cuales consintió, que no tenía intención de presentar una reclamación bajo el *Camp Lejeune Justice Act of 2022*, y a sabiendas de que incluyó su número de teléfono celular en el NDNCR mientras seguía utilizando ese número sustancialmente para fines de negocio – eximiendo al número de la protección del NDNCR – la Demandada continúa con sus falsedades al alegar, falsamente, que esas llamadas telefónicas y/o mensajes eran "no solicitados" ("*unsolicited*").

POR TODO LO CUAL, respetuosamente se solicita que este Honorable Tribunal dicte sentencia contra la Demandada y a favor del Demandante, declare que la Demandada ha cometido fraude y emita una orden contra la Demandada concediendo a P&M compensación por todos aquellos daños ocasionados a raíz del esquema fraudulento, incluyendo daños generales y punitivos, por la cantidad que se determine en el juicio, intereses, y cualquier otro remedio procedente bajo las leyes aplicables y que el Tribunal entienda justo y razonable.

**SEGUNDA CAUSA DE ACCIÓN**
**Sentencia declaratoria: La Demandada consintió a ser llamada**

47. Se incorporan y se hacen formar parte de esta causa de acción las alegaciones fácticas precedentes.

48. Existe una controversia real y justiciable entre las partes en relación con las supuestas violaciones del TCPA y el WVCCPA que alega la Demandada producto de las llamadas

8

telefónicas que ésta alega haber recibido, a pesar de que su número de teléfono estaba registrado en el NDNCR.

49. Generalmente, las solicitaciones telefónicas dirigidas a números de teléfono registrados en el NDNCR están permitidas si se obtiene el consentimiento expreso por escrito previo a la llamada.

50. La Demandada alega que recibió solicitaciones telefónicas que fueron dirigidas a ella sin su consentimiento previo expreso y por escrito, y por las cuales alega que el Demandante es responsable bajo el TCPA y el WVCCPA.

51. Se niega que alguna de las llamadas telefónicas a la Demandada, en la medida en que puedan ser consideradas solicitaciones telefónicas, fuera realizada sin su consentimiento previo, expreso y por escrito a que la llamaran a su número de teléfono celular, el cual ella proveyó a través de la Página Web el 9 de febrero de 2023.

POR TODO LO CUAL, conforme a la Regla 59.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 59.1, este Honorable Tribunal está facultado, y se solicita muy respetuosamente del Tribunal, que dicte sentencia a favor de P&M que establezca que ninguna de las llamadas telefónicas por las cuales la Demandada alega que P&M es responsable violó el TCPA o el WVCCPA, aun si el número de teléfono de la Demandada estaba registrado en el NDNCR, porque la Demandada había proveído previamente su consentimiento expreso escrito para que pudiese ser llamada, y que conceda cualquier otro remedio que entienda justo y razonable.

**TERCERA CAUSAS DE ACCIÓN**
**Sentencia declaratoria: La Demandada estableció una relación comercial**

52. Se incorporan y se hacen formar parte de esta causa de acción las alegaciones fácticas precedentes.

53. Existe una controversia real y justiciable entre las partes en relación con las supuestas violaciones del TCPA y el WVCCPA que alega la Demandada producto de las llamadas telefónicas que ésta alega haber recibido, a pesar de que su número de teléfono estaba registrado en el NDNCR.

54. A tenor con la normativa y regulaciones emitidas por el *Federal Communications Commission*, una "solicitación telefónica" ("*telephone solicitation*") para propósitos del TCPA no incluye una llamada o mensaje "[a] cualquier individuo con el que la persona que llama ha establecido una relación comercial". 47 C.F.R. 64.1200(f)(15)(ii) *("[t]o any person with whom the caller has an established business relationship")*.

9

55. El término "*established business relationship*" incluye "*a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of . . . the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call . . . .*" 47 C.F.R. 64.1200(f)(5).

56. La Demandada había establecido una relación comercial con la entidad que la llamó en las llamadas telefónicas por las cuales alega que el Demandante es responsable. En primer lugar, la Demandada voluntariamente proveyó y sometió su número de teléfono y solicitó que la llamaran en relación con una posible reclamación relacionada con la contaminación del agua de Camp Lejeune. En segundo lugar, todas las llamadas posteriores que recibió fueron a raíz y en consecuencia de sus solicitudes, preguntas y llamadas de seguimiento que ella misma pidió fueran programadas.

57. Por lo tanto, ninguna de las llamadas telefónicas realizadas a la Demandada fue una "solicitación telefónica" (*"telephone solicitations"*) que de lugar a una causa de acción bajo el TCPA o el WVCCPA.

POR TODO LO CUAL, conforme a la Regla 59.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 59.1, este Honorable Tribunal está facultado, y se solicita muy respetuosamente del Tribunal, que dicte sentencia a favor de P&M que establezca que ninguna de las llamadas telefónicas por las cuales la Demandada alega que P&M es responsable violó el TCPA o el WVCCPA ya que la Demandada había establecido una relación comercial con la persona o entidad que la llamó y, por lo tanto, las llamadas no constituyen "solicitaciones telefónicas" (*"telephone solicitations"*), y que conceda cualquier otro remedio que entienda justo y razonable.

### CUARTA CAUSA DE ACCIÓN
**Sentencia declaratoria: La Demandada no un "*residential subscriber*" para propósitos del TCPA**

58. Se incorporan y se hacen formar parte de esta causa de acción las alegaciones fácticas precedentes.

59. Existe una controversia real y justiciable entre las partes en relación con las supuestas violaciones del TCPA y el WVCCPA que alega la Demandada producto de las llamadas telefónicas que ésta alega haber recibido, a pesar de que su número de teléfono estaba registrado en el NDNCR.

60. Bajo el TCPA, sólo las llamadas telefónicas realizadas a "*residential telephone*

10

*subscribers*" que registraron sus números de teléfono en el NDNCR podrían dar lugar a una causa de acción bajo 47 U.S.C. § 227(c)(5) y 47 C.F.R. § 64.1200(c)(2).

61. El número de teléfono celular de la Demandada (304) 242-4327 no cualifica como uno de "*residential subscriber*". La Demandada utiliza ese número de teléfono principalmente para fines comerciales o de negocio, particularmente para su negocio dedicado a orquestar las demandas por violaciones del TCPA, incluyendo pleitos de clase, únicamente para su propio beneficio pecuniario. A través de este esquema engaña a negocios y entidades para que la llamen y continúen llamándola con el propósito de crear supuestas violaciones del TCPA. La Demandada utiliza equipos para contestar y grabar llamadas que son más sofisticados que los del consumidor promedio para promover su negocio abusivo del TCPA.

62. Por lo tanto, el Demandante disputa la alegación de la Demandada de que cualquiera de las llamadas telefónicas que le realizaron dan lugar a una causa de acción bajo el TCPA (o WVCCPA) por ser llamadas telefónicas impermisibles realizadas a un "*residential telephone subscribers*" que registró su número en el NDNCR.

POR TODO LO CUAL, conforme a la Regla 59.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 59.1, este Honorable Tribunal está facultado, y se solicita muy respetuosamente del Tribunal, que dicte sentencia a favor de P&M que establezca que ninguna de las llamadas telefónicas por las cuales la Demandada alega que P&M es responsable violó el TCPA (o, en la medida que sea aplicable, el WVCCPA) al ser una llamada prohibida realizada a un "*residential telephone subscribers*" que registró su número en el NDNCR, porque el número de teléfono celular de la Demandada (304) 242-4327 no cualifica como un "*residential subscription*", y se solicita que se conceda cualquier otro remedio que el Tribunal entienda justo y razonable.

**QUINTA CAUSA DE ACCIÓN**
**Sentencia declaratoria: No existe una causa de acción basada en los "requisitos de identificación"**

63. Se incorporan y se hacen formar parte de esta causa de acción las alegaciones fácticas precedentes.

64. Existe una controversia real y justiciable entre las partes en relación con las supuestas violaciones del TCPA y el WVCCPA que alega la Demandada producto de las llamadas telefónicas que ésta alega haber recibido y que violaron los "requisitos de identificación" – supuestos requisitos de que al principio de la llamada se debe proporcionar el nombre, la dirección y/o el número de teléfono de los beneficiarios de las llamadas (según alega la Demandada en su

11

correspondencia extrajudicial) – por lo cual alega que el Demandante es responsable y deberá responder por una cuantía significativa en daños.

65. Estos "requisitos de identificación" (*"identification requirements"*) se implementaron en las regulaciones del TCPA emitidas por la *Federal Communications Commission* de conformidad con 47 U.S.C. § 227(d).

66. Los requisitos análogos de la WVCCPA están codificados en W. Va. Code Ann. § 46A-6F-401.

67. Gran parte de la oferta de transacción extrajudicial que extendió la Demandada se basa en estas supuestas violaciones.

68. Sin embargo, concluye el Tribunal de Apelaciones de los Estados Unidos del Sexto Circuito, "However, . . . . Section 227(d) does not contain a similar private right of action, unlike other subsections [of the TCPA]." *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 745 (6th Cir. 2013). El Tribunal de Distrito Federal del estado donde reside la Demandada razona, "[T]he regulations promulgated pursuant to this section are solely enforceable by the FCC and state attorneys general. . . . Section 227(d) . . . lacks the same private cause of action provisions contained in Sections (b) and (c). . . . Without such language in Section (d), the Court is compelled to find that Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section." *Hurley v. Wayne County Bd. of Educ.*, No. CV 3:16-9949, 2017 WL 2454325, *4 (S.D.W. Va. June 6, 2017).

69. De igual manera, tampoco existe una causa de acción privada que la Demandada pueda ejercer por violaciones de W. Va. Code Ann. § 46A-6F-401.

POR TODO LO CUAL, conforme a la Regla 59.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 59.1, este Honorable Tribunal está facultado, y se solicita muy respetuosamente del Tribunal, que dicte sentencia a favor de P&M que establezca que no existe causa de acción alguna bajo la cual la Demandada pueda reclamarle a P&M basada en el supuesto incumplimiento con los "requisitos de identificación" del TCPA o el WCCPA por parte de las personas que realizaron las llamadas a la Demandada, y que la Demandada no tiene derecho a indemnización por daños como consecuencia de ello, incluso si se hubiesen violada dichas disposiciones, y se solicita que se conceda cualquier otro remedio que el Tribunal entienda justo y razonable.

12

**RESPETUOSAMENTE SOMETIDO**.

En San Juan, Puerto Rico, a 4 de abril de 2023.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, Piso 19
208 Ave. Ponce de León
San Juan, PR 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

*f/ Diego Murgia Díaz*
Diego Murgia Díaz
RUA Núm. 16,825
dmurgia@pmalaw.com

*f/ María Elena Martínez Casado*
María Elena Martínez Casado
RUA Núm. 22,251
mmartinez@pmalaw.com