## UNVERIFIED STATEMENT UNDER PENALTY OF PERJURY

I, Tessie Leal-Garabís, of legal age, married, lawyer and resident of San Juan, Puerto Rico, as legal counsel for Diana Mey ("Ms. Mey") in the Commonwealth of Puerto Rico through the office of Mellado & Mellado-Villarreal LLC and pursuant to 28 U.S.C. sec. 1746, declare under penalty of perjury:

1. On June 27th, 2023, our offices signed an engagement agreement with Ms. Mey to represent her in Case Number SJ2023CV02997 filed by P&M Law Firm (PR) LLC ("P&M") against her in the Court of First Review, San Juan Part, of the Commonwealth of Puerto Rico ("Commonwealth Court Case").

2. Upon receiving the Commonwealth Court Case our initial thought was to remove it to the U.S. District Court since it presented a federal question (TCPA) and diversity of citizenship was present since Ms. Mey is a resident of West Virginia with no contacts to Puerto Rico. However, after a thorough review of the proceedings of the case we became aware that Ms. Mey had been served by the publication of an edict in a Puerto Rico newspaper and default had already been entered against her on June 12, 2023.

3. Therefore, in our professional opinion we understood that per 28 U.S.C. § 1446(b)(1), the 30 days allowed to remove the case had already elapsed.

4. On July 11, 2023, and on behalf of Ms. Mey our offices filed a motion to dismiss the Commonwealth Court Case. The main argument of the motion is the total lack of personal jurisdiction of the Courts of the Commonwealth of Puerto Rico over Ms. Mey. There, we also requested that the Court lift the default entered against her. This, since the law in Puerto Rico

clearly favors that in circumstances such as Ms. Mey's the default should be lifted. *See e.g. Rivera Figueroa v. European Shop*, 183 D.P.R. 580, 589 (2011). Moreover, a Sworn Statement from Ms. Mey was included with the Motion to Dismiss illustrating the total lack of personal jurisdiction of the Courts of the Commonwealth over her. In addition, in the Motion to Dismiss special emphasis was made in the manner she had been served (the latter in support of the request to lift the default).

5. After requesting various extensions, and a change of legal counsel, on August 28, 2023, P&M filed a motion in response. There, it attacked Ms. Mey in her personal capacity in a clear attempt at tarnishing her character before the Court. P&M and its attorneys called Ms. Mey "fraudulent", alleged "that she committed fraud against the government of the United States" and that she "extorted plaintiff's" - among other things. The root of all these incendiary and libelous attacks was the settlement offer sent by Ms. Mey on March 15, 2023, to various law firms in the United States among them, Cohen & Malahad and Pintas & Mullins a law firm based in Chicago, Illinois. We underscore the fact that P&M's opposition failed to include a counter statement regarding the lack of personal jurisdiction of the Commonwealth Courts – and neglected to include a sworn statement of any kind. This is key, since not only did P&M announce in one of its motions for extension of time that it would present a sworn statement but under the rules of civil procedure of Puerto Rico, it failed to carry its burden in opposing the motion to dismiss. *See* 32 L.P.R.A. Ap. V R. 10.2; *Molina v. Supermercado Amigo, Inc.*, 119 D.P.R. 330, 338 (1987).

6. On September 22, 2023, Ms. Mey filed a reply in support of a motion to dismiss or to lift the default. There, Ms. Mey once again illustrated to the Commonwealth Court that there were no minimum contacts and emphasized that P&M had reneged on their promise to present a sworn statement and failed to carry their legal burden.

7. Thereafter, on October 16, 2023, P&M and its attorneys filed a sur-reply and continued to attack Ms. Mey in her personal capacity stating she had allegedly sent a fraudulent settlement offer with the intent to extort plaintiff.

8. Meanwhile, the Court scheduled an evidentiary hearing to determine the issue of jurisdiction and the motion to lift the notice of default judgment for November 30, 2023.

9. On November 16th, 2023, Ms. Mey – a resident of West Virginia with no contacts with the jurisdiction – requested the Commonwealth Court to be allowed to participate through videoconference at the evidentiary hearing. Nevertheless, on November 22, 2023, P&M opposed Ms. Mey's request to participate through videoconference and requested that the hearing be postponed because the principal of P&M would not be available on that date.

10. On November 21, 2023, the court granted Ms. Mey's request to appear at the November hearing through video conference.

11. On November 22, 2023, P&M requested reconsideration of the order allowing Ms. Mey to appear through video conference and insisted that the court reschedule the hearing. The Court denied P&M's request as to the videoconference appearance but grudgingly granted the request to reschedule and stated that "for a future occasion, if a party has a conflict in calendar it should promptly notify the court, the November 30th hearing was scheduled on October 27th, 2023". The hearing was then rescheduled for January 24, 2024.

12. At the time of the hearing, six (6) months had already elapsed since the day that Ms. Mey had requested that the Commonwealth Court lift the notice of default against her.

13. On January 24, 2024, prior to commencing the evidentiary hearing, the Commonwealth Court requested that the parties consider whether to lift the default judgment

against Ms. Mey in exchange for the continuance of the issue of jurisdiction. Meanwhile, the parties could conduct discovery.

14. Based on our overall impressions of the pre-hearing with the Court, the record, and our judgment as attorneys of over 25 years of litigation experience, we recommended that Ms. Mey accept the Court's proposal. We understood that it was key for the default to be lifted so that Ms. Mey could have a chance to defend herself from the allegations of the complaint in case we would not prevail on the issue of jurisdiction.

15. Once the complaint was answered we did not include a counterclaim precisely because if we did, we would be waiving the argument of total lack of personal jurisdiction of the Commonwealth Courts over Ms. Mey.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico on May 7th, 2024.

MELLADO & MELLADO-VILLARREAL LLC

_____
Tessie Leal- Garabis