(GOOGLE TRANSLATED)

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **P&M LAW FIRM (PR), LLC,** <br> Demandante, <br> v. <br><br> **DIANA MEY,** <br> Demandada. | **CIVIL NÚM.:** SJ2023CV02997 <br><br> **SOBRE:** FRAUDE; SENTENCIA DECLARATORIA; INJUNCTION PERMANENTE Y DAÑOS |

**INFORMATIVE MOTION AND REQUEST FOR ORDER**

**AL HONORABLE TRIBUNAL**

**APPEARS** the plaintiff, P&M Law Firm (PR), LLC, through attorneys who subscribe and very respectfully expose, allege and request:

1. Initial Conference to discuss Case Management Report which is scheduled for tomorrow via videoconference.

2. Although the attorneys of record for the parties in this case maintain continues and effective communication through emails and have held several meetings, consistently throughout this case the defendant chooses to ignore the duty of candor and surprisingly the undersigned attorney for tactical reasons.  The most recent example of this tactic is that, for the first time, on April 4, 2024, in the afternoon the defendant revealed that filed a frivolous lawsuit in federal court in West Virginia for the specific purpose of hindering the case at hand. See case management report entry No. 69 of SUMAC on page 5.

3. In the case mgt report they reveal that Ms. Mey presented an action in the US Court for NDWV. Surely in another example of lack of candor they included the wrong case number.  Please note that the number is not 24-cv-111 provided by defendant, but 24-CV-55 and was filed on March 19, 2024.  Ordinarily this being a court of jurisdiction universally, the filing of that federal case would have no impact on the issues before the forum of cars.  The problem is that through the lawsuit in the federal case Ms. Mey refers to this forum disparagingly on countless occasions calling it a "territorial" "remote" court and referring to this case as a fraudulent intimidation effort.  These references little professionals about this court are no surprise considering the way in which the lawyer for Mey, Ryan Donovan, recently spoke out in a phone call with a lawyer

1

from the plaintiff on March 13, 2024 in which he expressed that this case is a "shitshow" and that the courts of Puerto Rico are not qualified to hear consumer claims, therefore he would not talk to anyone in Puerto Rico.  See affidavit, Annex 1.

4. Furthermore contrary to the representations of the defendant's attorneys in the present case at the hearing on January 24, 2024, regarding the fact that they would be subjected to discovery of evidence in exchange for lifting the annotation of default, many of the allegations of the federal case rests on forum shopping to once again question Mey's location and the annotation of default by this Court.  See Federal Complaint, Schedule 2, pars 54-59.

5. Likewise, many of Mey's allegations in the federal case maintain that she shows evidence about the telephone calls that he allegedly received from the plaintiff and that Mey has refused to produce for months in this case for tactical reasons of litigation.

6. Even more relevant and worrying is the fact that one of the specific remedies Mey requests from the Federal Court is to order the stay of the case in question.  See Annex 2, p. 20 even K.  This application, filed in Federal Court on March 19, 2024 is a mockery of the judicial process before this Court and contrary to what is represented by the lawyers for Mey regarding submitting to discovery in exchange for the lifting of the default.  Hence the importance of this Court being aware of what is happening and can assert its opinions in this case.  Furthermore, this request denotes the degree of frivolity of the federal case since it is known that, at least since 1793, the federal courts are prevented from paralyzing judicial proceedings before state courts.  28 USC para 2283.

7. The defendant is a professional litigator.  Her lawsuit in the federal forum thus alleges "for over two decades, Diana Mey has established herself as a tenacious consumer advocate…" Id Mey has collected millions of dollars as a result of her litigation worldwide/nationally Id.  Therefore it is evidence that not answering the discovery of evidence opportunely, deceive the undersigned attorney and this Court by claiming that he would submit to the discovery of evidence, and then do forum shopping to make the present case paralyzed is not an accident.  It is the result of litigious experts who play with the processes at whim.

8. Therefore it is important that this court takes note of the above and upholds his order and minutes of the hearing of Jan 24, 2024 compelling the discovery of agreed test.  Note that as the case management report demonstrates, Mey's lawyer sin this case reiterated the agreement to submit to discovery and they agreed on dates for that.

9. On the other hand, with a view to the Initial Conference to be held tomorrow, it is important to inform the court that there are at least 3 disputes regarding discovery of evidence that they will be brought to your attention because the parties have not been able to reach a solution, then to discuss them in good faith.  These are:
    a) That the deposition of witnesses be done in personal, preferably in Puerto Rico.  This is because of the very conduct of which Mey is accused is fraud and there are no signs of reliability of her testimony remotely.
    b) Have a forensic copy made of Mey's phone.  This is because the facts and the main disputes between the parties have to do with the calls received by Mey and the dates and Mey herself has alleged in this case that she has erased emails related to the plaintiff.
    c) That attorney Ryan Donovan be ordered to answer questions about his support of Mey's efforts.  This is because Donovan is a co-conspirator in the efforts of Mey to defraud and therefore cannot sweep the facts under the rug relying on an attorney-client privilege that does not apply to him.
10. For these three controversies, as well as those that arise due to the objections that may present Mey to the discovery or written evidence that she already announced that she will not answer until after April 16, 2024, the plaintiff requests an order disposing of a schedule for submitting memoranda of law on discovery disputes and evidence between the parties, without prejudice to the possibility that others may later be presented that require judicial intervention.  It is very respectfully suggested that the Court establish the following dates:
    a) Deadline for submitting memorandum of law by the plaintiff – May 3, 2024
    b) Deadline for the defendant to object – May 17, 2024
    c) Deadline for reply – May 24, 2024.
    d) Deadline for rejoinder – May 41, 2024.

**For all which** the plaintiff requests very respectfully that the court declare this motion admissible, take cognizance of the provisions herein, issue an order requiring the defendant to continue discovery in this case and providing the schedule for submitting briefs on initial discovery disputes that require a judicial resolutions, and dictate any other remedy that is appropriate by law.

**I CERTIFY that** have submitted this document electronically through the System Unified Case Management and Administration (SUMAC), which in turn will send notification of said presentation by email to all lawyers of record.

In San Juan Puerto Rico on April 8, 2024.

                                         **Baralt Law LLC**
                                         PO Box 190751
                                         San Juan PR 00919
                                            (939) 625-3712

                                         **f/ CARLOS R. BARALT SUÁREZ**
                                         TS Núm. 18,295
                                         cbaralt@baraltlaw.com