WVU Phan <lincolnwva@gmail.com>

## Please DocuSign: Pintas (CM) - Client Agreement - Camp Lejeune
1 message

**Reliance Litigation LLC via DocuSign** <dse_NA3@docusign.net>                    Fri, Feb 10, 2023 at 4:21 PM
Reply-To: Reliance Litigation LLC <support@reliancelitigation.com>
To: Rhonda Nicholson <lincolnwva@gmail.com>

**DocuSign**

Reliance Litigation LLC sent you a document to review and sign.

### REVIEW DOCUMENT

**Reliance Litigation LLC**
docusign@hybridactive.com

Rhonda Nicholson,

Please DocuSign Pintas_CM_-_Camp_Lejeune-Agreement.pdf

Thank You, Reliance Litigation LLC

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
3AC5938D054C46CC97D4C97DE53F9EC13

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in

an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by Reliance Litigation LLC who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

# RETAINER AND CONTINGENCY FEE AGREEMENT
## Camp Lejeune

1. **Contract for Legal Services**:
   This contract is made and entered into by and between **Rhonda Nicholson**, hereinafter referred to as "CLIENT," and **Cohen & Malad, LLP, Pintas & Mullins Injury Lawyers, and Nash & Franciskato Law Firm,** hereinafter referred to as "ATTORNEYS." This contract is for all work related to this lawsuit, including trial and appeal.

2. **Scope of Representation**:
   The ATTORNEYS agree to investigate and evaluate my potential claim, which occurred and/or was discovered in the recent past involving one or more wrongdoers with respect to my exposure to contaminated water at Camp Lejeune in Jacksonville, North Carolina.

3. **Attorneys' Fees**:
   CLIENT hereby retains ATTORNEYS to act on behalf of CLIENT in recovering damages, by settlement or suit, against the United States Government, and any others who may be responsible for personal injuries CLIENT sustained as a result of exposure to contaminated water at Camp Lejeune. In consideration for the legal representation of ATTORNEYS contemplated by this contract, and unless otherwise required by applicable law, CLIENT agrees to pay and hereby assign to ATTORNEYS **forty percent (40%)** of any settlement or verdict recovered on behalf of CLIENT if such recovery is obtained prior to the time a notice of appeal has been filed by any party, and **forty-five percent (45%)** of any settlement or verdict recovered on behalf of CLIENT if such recovery is obtained after the filing of a notice of appeal by any party. Attorneys' Fees shall be split accordingly: Cohen & Malad, LLP (42.63%), Nash & Franciskato Law Firm (12.37%) and Pintas & Mullins Injury Lawyers (45%). However**, if there is no recovery, there is no fee**.

4. **Associate Counsel**:
   CLIENT hereby agrees that all ATTORNEYS listed herein, including any referring and local counsel, may share the legal fees in this case as long as they each assume joint responsibility for the representation. Association with other counsel will NOT increase the Attorneys' Fees agreed to herein.

5. **CLIENT'S Obligations for Costs**:
   CLIENT shall be responsible for all costs incurred in the prosecution of CLIENT'S claim. These costs shall be deducted from the CLIENT'S gross recovery. These costs include, but are not limited to, fees for medical records and reports; the costs of case investigation; photographs; deposition related expenses; expert witness fees; charts and graphs; court costs; computerized legal research; telephone bills; photocopying; overnight mailings; courier expenses; travel expenses; conference expenses; and the like.  ATTORNEYS are hereby authorized to advance the costs and expenses relating to the litigation and prosecution of CLIENT'S claim.  **In the event that there is no recovery, CLIENT is not obligated to reimburse ATTORNEYS for their costs.**

6. **Sharing of Expenses**:
   ATTORNEYS will allocate such common expenses among all plaintiffs in this litigation against defendants. For example, if ATTORNEYS represent 100 plaintiffs bringing claims against the defendants and if ATTORNEYS spend $3,000 on an expert whose testimony is beneficial to all plaintiffs, ATTORNEYS will allocate $30 of that expense to each plaintiff.

7. **Assessment for Mass-Tort Litigation**:
   ATTORNEYS may seek to certify a Multi-District Litigation (MDL) or form a mass tort consortium regarding this litigation. If CLIENT'S case is part of the MDL or consortium, expenses in CLIENT'S case may include an "assessment" in which CLIENT and/or ATTORNEYS will be required to pay a percentage of CLIENT'S settlement into a common fund. The common fund may be used to (1) reimburse the Plaintiff's Steering Committee the money it has advanced throughout the course of the litigation for common benefit work-product; and (2) to pay for services of those attorneys (and their employees) who performed work for the benefit of the entire mass tort effort. **If CLIENT does not recover anything in the case, then CLIENT does not pay any assessment**.

8. **Withdrawal of Attorneys**:
   ATTORNEYS agree to represent CLIENT provided that, after sufficient inquiry and investigation, ATTORNEYS are of the opinion that CLIENT has a legitimate claim. However, if ATTORNEYS at any time determine that the prosecution of CLIENT'S claim is not feasible or is contrary to justice or the standards of good faith, ATTORNEYS are then entitled to withdraw from the representation of CLIENT, with reasonable notice to CLIENT.

9. **Communication to/from CLIENT**:
   ATTORNEYS will make all reasonable efforts to communicate relevant updates to CLIENT. CLIENT agrees that CLIENT will cooperate and promptly respond to requests for information, filling out forms and the like. CLIENT agrees to sign all necessary papers and authorizations and to fully cooperate with ATTORNEYS in the prosecution of this case. CLIENT agrees that if CLIENT changes CLIENT'S address, CLIENT is obligated to notify ATTORNEYS.

10. **Consent of CLIENTS and ATTORNEYS for Settlement**:
    ATTORNEYS agree to make no settlement without the consent of CLIENT. Likewise, CLIENT agrees not to make any settlement unless ATTORNEYS are present and receive their fees and costs in accordance with this agreement. CLIENT authorizes ATTORNEYS to negotiate the case individually, or part of a global settlement, with appropriate informed consent. CLIENT approves of ATTORNEYS' negotiation and repayment of outstanding medical bills or liens.

11. **Settlement Offers**:
    In the event that ATTORNEYS recommend to CLIENT that CLIENT accept a settlement offer, and CLIENT rejects that offer, ATTORNEYS may, in their

discretion, require CLIENT to advance all future case costs. To the extent that CLIENT obtains substitute counsel at the time of a pending settlement offer, CLIENT agrees that ATTORNEYS shall retain a lien on the existing offer in an amount consistent with this Retainer Agreement.

12. **Aggregate Settlement Negotiations**:
CLIENT authorizes ATTORNEYS to negotiate in the aggregate by requesting a lump sum to settle claims for all individuals represented by ATTORNEYS. If ATTORNEYS are able to finalize negotiations in an aggregate fashion, ATTORNEYS will provide CLIENT with documentation of the nature of the claims of all ATTORNEYS' clients, and how much each client is obtaining in a settlement. ATTORNEYS will keep CLIENT'S identity confidential, as ATTORNEYS will refer to each client by their initials only. By signing this fee agreement and giving ATTORNEYS authority to negotiate in an aggregate format, CLIENT is not committing to settle their case at any number. CLIENT is not obligated to accept any amount merely by signing this fee agreement. This fee agreement merely gives ATTORNEYS the authority to use an aggregate approach to try to reach an acceptable settlement in the event that settlement negotiations occur.

13. **Settlement of Fewer than all Defendants:**
In the event that there are multiple defendants in this litigation, and settlement is achieved with one or more, but not all of the defendants, ATTORNEYS reserve the right to recover all then outstanding costs, and to escrow an amount that ATTORNEYS, in their sole discretion, reasonably anticipate will be necessary to cover the expenses through the remainder of the litigation.

14. **Medical Bills and Liens:**
CLIENT is responsible for any medical bills or liens. ATTORNEYS are authorized to pay any legally enforceable subrogation claims from the CLIENT'S share of the settlement or verdict.

15. **Power of Attorney:**
ATTORNEYS are hereby granted a power of attorney so that they have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to commence, conduct and conclude this representation.

16. **Retention of Probate and Lien Resolution Experts**
ATTORNEYS are not experts in probate law (matters involving the distribution of money when the injured person is now deceased). In the event that it may become necessary to retain probate counsel, expenses for such counsel shall be borne by CLIENT. Further, to the extent that ATTORNEYS are required to obtain assistance in resolving government and private lien matters, ATTORNEYS may retain the assistance of specialists in that field to help secure favorable lien resolutions. Such expense shall also be borne by the CLIENT.

17. **Statute of Limitations:**
Each state has a statute of limitations which sets the deadline by which a case can be filed. Failure to file your lawsuit before the statute of limitations expires can

result in the dismissal of your case. Because of the nature of this litigation, Defendant(s) may argue that your statute of limitations expired before you contacted our firm.

Many states also have a "discovery rule" which permits an action to be filed within a certain period of time after the injury and its cause is discovered, or reasonably should have been discovered. Application of the discovery rule would typically delay the statute from running until the time you learned of your injuries. You should know, however, that we may still face arguments against you based on the statute of limitations in your case. Although there is the possibility that the Defendant(s) could prevail on this statute of limitation issue, it is our professional judgment that you have a case strongly worth pursuing.

18. **Client Has not Retained Counsel Other Counsel:**
By signing this agreement, CLIENT confirms that CLIENT has not already retained other counsel to pursue Camp Lejeune claims.

19. **Read and Understood Agreement:**
CLIENT has read and understands this Retainer and Contingency Fee Agreement and has had an opportunity to ask ATTORNEYS questions about it before signing it. I further represent that I am not currently being represented by any other attorney or law firm for the purpose of bringing the same claim.

WHEREFORE, CLIENT and ATTORNEYS approve the terms of this Retainer and Contingency Fee Agreement with their signatures as follows:

*Rhonda Nicholson*

_____    _____
**Client Name**                 **Date**


_____    _____
**Cohen & Malad, LLP**          **Date**


_____    _____
**Pintas & Mullins Injury Lawyers**   **Date**


_____    _____
**Nash & Franciskato Law Firm**  **Date**

Case 5:24-cv-00055-JPB  Document 52-2  Filed 05/20/24  Page 7 of 8  PageID #: 1059

# HIPAA MEDICAL AUTHORIZATION

Health Care Provider: _____

Address: _____
_____
_____

    I HEREBY AUTHORIZE _____ to provide any and all records, information, to include genetic testing if applicable, itemized billing and evidence in their possession regarding my injuries, medical history, and physical condition for treatment date(s) _____ to _____, to include inpatient and outpatient information.

    THE INFORMATION REQUESTED IS FOR **LITIGATION PURPOSES** AND IS TO BE RELEASED TO:

| | |
|---|---|
| Cohen & Malad, LLP<br>One Indiana Square,<br>Suite 1400<br>Indianapolis, IN 46204 | American Retrieval Company<br>2905 Northwest Blvd. #228<br>Plymouth, MN 55441 |

    THIS AUTHORIZATION is to include personal review of such records, information and evidence by the attorney or attorneys mentioned above.

    I understand the requested medical records may include information relating to: **alcohol and/or drug abuse, psychiatric treatment, HIV/Aids testing or treatment**, **sexually transmitted disease,** and/or **communicable or noncommunicable disease information and genetic testing if applicable.** Such information is covered by Federal Confidentiality Regulation [42CFR, Part 2] and can't be disclosed without my written consent. I also expressly acknowledge notice of this request under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Regulation [45 CFR, § 164.512(e)(l)(ii)]. I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and may no longer be protected by Federal Law. My signature on this form authorizes the release of this information as well as all other requested information in the records.

I understand that I may refuse to sign this authorization and refusal to sign will not affect my ability to obtain treatment, enroll in any health plan or payment/benefit eligibility.

I understand that I may revoke this authorization in writing at any time except for information which may have been disclosed by _____ prior to the receipt of such revocation. This authorization is valid for ninety (90) days.

_____ should respond to this request, or subsequent requests for information from COHEN & MALAD, LLP, AND American Retrieval Company, or their representatives, at any time unless the above named health care provider receives a written revocation from me.

THIS AUTHORIZATION does allow _____ to discuss my health information, history of care or condition with or be interviewed by members of the law firm of COHEN & MALAD, LLP and/or American Retrieval Company.

A photocopy of this authorization is to be considered as valid as the original.

Dated: _____                Signature: _____

**SSN of Injured Person:**
1595                                          **Printed Name:** Rhonda Nicholson

**DOB of Injured Person:**
05/17/1959                                    **Address:** 2541 West Drive, Bensenville, IL 60106