IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

      Plaintiff,

v.                                                  Civil Action No.: 5:24-cv-55

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

      Defendants.

**P&M DEFENDANTS' MOTION FOR STAY
OF PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

Willliam Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC (collectively, the "P&M Defendants"), by undersigned counsel, hereby move for a stay of these proceedings pending interlocutory appeal to the United States Court of Appeals for the Fourth Circuit.

**I.    BACKGROUND**

On Friday, May 17, 2024, this Court entered an Order Granting Anti-Suit Injunction, in which it enjoined and prohibited the P&M Defendants "from proceeding in any way with the underlying lawsuit in the Commonwealth of Puerto Rico Court of First Instance." *See Mey v. Pintas et al.*, No. 5:24-v-55 (N.D. W. Va. May 17, 2024), ECF No. 50, at 14 (the "Preliminary Injunction Ruling"). That day, the Court also entered the First Order and Notice Regarding Discovery and Scheduling Conference, which provides for initial deadlines and disclosures but does not otherwise set a trial date in connection with this matter. *See* ECF No. 51.

On Tuesday, May 28, 2024, the P&M Defendants timely noted an interlocutory appeal of the Preliminary Injunction Ruling to the United States Court of Appeals for the Fourth Circuit.

1

*See* ECF No. 54. As explained below, in the interest of both judicial economy and orderly administration of justice, this Court should stay these proceedings pending that appeal.

## II. LEGAL STANDARD

It is well-established that an appeal, including an interlocutory appeal, "divests the district court of its control over those aspects of the case involved in the appeal." *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). And that is so, the Supreme Court has recognized, because the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985).

In light of the foregoing, although "the court of appeals can consider . . . segregable issues while the district court presses ahead with the case," *see Apostol v. Gallion*, 870 F.2d 1335, 1338 (9th Cir. 1989), it is equally true that "[a] district court has broad discretion to stay proceedings as part of its inherent power to control its own docket," *see Williams v. Mayhew*, 2022 WL 541160, at *1 (D. Md. Feb. 22, 2022). And that is so because the decision to issue a stay is "an exercise of judicial discretion" and "[t]he propriety of its issues is dependent on the circumstances of the particular case." *See Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926).[1]

---

[1] When evaluating the propriety a motion to stay a *ruling* pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The P&M Defendants are not seeking a stay of the Preliminary Injunction Ruling pending interlocutory appeal to the Fourth Circuit. Rather, they seek a stay of these proceedings pending that appeal.

### III. ANALYSIS

Here, this Court should exercise its inherent power to stay these proceedings pending interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. *See O'Brien v. Appomattox Cnty., Va.*, 2002 WL 31663226, at *2 (W.D. Va. Nov. 15, 2002). Doing so will "promote judicial economy and efficiency while the appeal proceeds." *Id.* Additionally, "[i]f the proceedings in this Court were to continue while the Fourth Circuit appeal is pending, the simultaneous proceedings could create confusion and inefficiency." *Id.* And because a trial date has not been set, *see* ECF No. 51, it is extremely "unlikely that an immediate stay of the proceedings pending appeal will hinder the public's interest in a speedy resolution[.]" *Id.*

### IV. CONCLUSION

Pursuant to the foregoing, this Court should **GRANT** the P&M Defendants' Motion for Stay of Proceedings Pending Interlocutory Appeal.

Respectfully submitted,

*/s/ Blake N. Humphrey*
Jared M. Tully (WV Bar No. 9444)
Blake N. Humphrey (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street E, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
jtully@fbtlaw.com
bhumphrey@fbtlaw.com

Richard W. Epstein*
Jeffrey Gilbert*
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
richard.epstein@gmlaw.com
jeffrey.gilbert@gmlaw.com

> Carlos R. Baralt Suárez*
> BARALT LAW LLC
> P.O. Box 190751
> San Juan, PR 00919
> Telephone: 939-625-3712
> cbaralt@baraltlaw.com
>
> *Admitted pro hac vice*
>
> ***Counsel for William Pintas, P&M Law Firm LLC, & P&M Law Firm (PR), LLC***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

       Plaintiff,

v.                                                        Civil Action No.: 5:24-cv-55

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

       Defendants.

### CERTIFICATE OF SERVICE

      I, Blake N. Humphrey, certify that on Tuesday, May 28, 2024, the foregoing ***P&M Defendants' Motion for Stay of Proceedings Pending Interlocutory Appeal*** was filed via the Court's CM/ECF filing system.

                                                       */s/ Blake N. Humphrey*
                                                        Blake N. Humphrey (WV Bar No. 14132)