IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                  Civil Action No. 5:24-CV-55

WILLIAM PINTAS, et al.

    Defendants.

## PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Pintas Defendants' new arguments—outlined and rebutted below—do not compel a different result. Instead, they offer additional reasons for denying the motion to dismiss.

**First**, the Pintas Defendants now suggest that they did not purposely avail themselves of the State because Mey, using the pseudonym Rhonda Nicholson, claimed to be a resident of Illinois. But the Pintas Defendants and their agents would have been left with this impression only *after* placing offending calls into West Virginia. By then, the Pintas Defendants had already availed themselves of the State's laws.[1] Underscoring that availment was indeed purposeful, the initial call—

---

[1] *Mey v. Castle L. Grp., PC*, 416 F. Supp. 3d 580, 586 (N.D.W. Va. 2019) ("As Mey correctly notes, in the context of the TCPA, other courts have held that personal jurisdiction is proper in the District where an unlawful communication is received.").

and each call after that—targeted a telephone number with a forum area code.[2] Personal jurisdiction was thus established at the time of the initial call and reinforced with each subsequent call, regardless of any subsequent representations as to the residency of "Rhonda Nicholson."

**Second**, the Pintas Defendants suggest that service of process must be effectuated for personal jurisdiction to attach. But the cases cited by the Pintas Defendants stand for an entirely different proposition: that personal jurisdiction requires "authorization for service of process" or that "defendant is subject to service of process under a federal statute or rule." *United States v. Hobbs*, 2018 WL 1368325, at *4 (N.D.W. Va. Mar. 16, 2018); *Goya Foods Inc. v. Oy*, 959 F. Supp. 2d 206, 212 (D.P.R. 2013). Here, there is no dispute that the Pintas Defendants are subject to service of process under Fed. R. Civ. P. 4, as well as the state-law corollaries of Illinois and Puerto Rico. That said, this issue will soon be mooted because Plaintiff has recently effectuated service on P&M Law Firm, LLC and will soon do the same for Mr. Pintas and P&M Law Firm (PR), LLC.

---

[2]*Mey v. All Access Telecom, Inc.*, 2021 WL 8892199, at *3 (N.D.W. Va. Apr. 23, 2021) ("In TCPA cases, courts generally find that specific jurisdiction exists when a defendant makes a call or sends a message into the forum state by targeting a telephone number within the particular forum"); *Mey v. Castle L. Grp., PC*, 416 F. Supp. 3d 580, 586 (N.D.W. Va. 2019) ("As Mey correctly notes, in the context of the TCPA, other courts have held that personal jurisdiction is proper in the District where an unlawful communication is received."); *Pavelka v. Pelican Inv. Holdings Grp., LLC*, 2022 WL 3159275, at *5 (N.D. Tex. Aug. 8, 2022) ("In TCPA cases, some district courts have established specific jurisdiction over an out-of-state defendant when the defendant purposefully avails itself of the benefits of the forum state by making phone calls or sending texts to phone numbers with forum area codes.") (collecting cases).

**Third**, though raised in the motion to dismiss and addressed by Mey in the context of venue, the Pintas Defendants continue to argue that the fraudulent legal process statute lacks extraterritorial reach. Not so. The fraudulent legal process statute, W. Va. Code § 61-5-27a, punishes fraudulent "official proceeding[s]," defined as "a proceeding involving a legal process or other process of a tribunal of this state or of the United States," W. Va. Code § 61-5-27. A "tribunal" is further defined as "a court or other judicial or quasi-judicial entity, or an administrative, legislative, or executive body, or that of a political subdivision, *created or authorized under the constitution or laws of* this state or of *the United States.*" *Id*. (emphasis added). As the Pintas Defendants recognize, "Congress even ratified Puerto Rico's Constitution, under which Puerto Rico courts operate." ECF No. 42, at 2. Thus, the Puerto Rican Court of First Instance is a "tribunal" within the meaning of the fraudulent legal process statute. In addition to pendant venue, venue for this claim is otherwise proper because the harm was directed at and suffered by a West Virginia resident.

For these reasons, and the reasons set forth in Plaintiff's response briefing, the Pintas Defendants' motion to dismiss should be denied in its entirety.

        **DIANA MEY**

        By Counsel:

        /s/ Ryan McCune Donovan
        Ryan M. Donovan (WVSB #11660)
        Andrew C. Robey (WVSB #12806)
        HISSAM FORMAN DONOVAN RITCHIE PLLC
        P.O. Box 3983

        Charleston, WV 25339
        t: 681-265-3802
        f: 304-982-8056
        rdonovan@hfdrlaw.com
        arobey@hfdrlaw.com

4

## Certificate of Service

    I hereby certify that, on May 31, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

<u>/s/ Ryan McCune Donovan</u>
Ryan M. Donovan (WVSB #11660)
