IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

                      Plaintiff,

v.                                                          Civil Action No.: 5:24-cv-55

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

                      Defendants.

## P&M DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF DIANA MEY'S MOTION FOR LEAVE TO FILE SUR-REPLY

Diana Mey's Motion for Leave to File a Sur-reply is a transparent effort to cure her own pleading defects. *See* ECF No. 60. Instead, Mey interposes the Sur-reply to cover infirmities in the Complaint. *See* ECF No. 60-1. Contrary to Mey's assertions, however, the Reply to Mey's Opposition to the Motion to Dismiss, as filed by William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC (collectively, "P&M Defendants"), did *not* expand the scope of the matters raised in the Motion to Dismiss. Rather, just as they argued in the Motion to Dismiss, the P&M Defendants' Reply points out the glaring pleading deficiencies in Mey's Complaint. As such, this Court should **DENY** the Motion for Leave to File a Sur-reply and **STRIKE** the Sur-reply.

### LEGAL STANDARD

Although Local Rule 7.02(b)(3) permits the filing of a sur-reply with leave of court, numerous federal courts—including this Court—have cautioned that sur-replies are disfavored. *See, e.g.*, *Anand v. U.S. Dep't of Health & Hum. Servs.,* 2022 WL 18911137, at *1 (D.D.C. Nov. 15, 2022); *Susko v. Cox Enterprises, Inc.*, 2008 WL 4279671, at *2 (N.D. W.Va. 2008) (Stamp, J.) (denying leave to file sur-reply where "defendants did not raise any new material in their reply to

their motion to dismiss"). Instead, as this Court has recognized, "a surreply is permitted *only* when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See Mey v. Venture Data, LLC*, 2017 WL 10398569, at *14 (N.D. W. Va. June 6, 2017) (Bailey, J.) (internal quotation marks omitted) (emphasis added); *F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (affirming district court's refusal to accept sur-reply where the reply brief "did not raise a new legal theory or new evidence," explaining that a surreply is not justified simply because its proponent "failed to anticipate how" the other party "would respond").

Whether to grant or deny leave is entrusted to the sound discretion of the district court. *See Anand*, 2022 WL 18911137, at *1. In exercising discretion, a court should consider whether the movant's reply—for example, on a motion to dismiss—raises arguments or issues for the first time, whether the nonmovant's proposed sur-reply would be helpful to the resolution of the pending motion, and whether granting leave is unduly prejudicial to the moving party. *Id.* As federal courts consistently note, when arguments raised for the first time in reply fall "*within the scope* of the matters [the opposing party] raised in opposition," and the reply "*does not expand the scope* of the issues presented, leave to file a surreply will *rarely be appropriate*." *Id.* (emphasis added).

## ARGUMENT

*First*, Mey argues the P&M Defendants made "new arguments" about purposeful availment, which is simply untrue. "Purposeful availment" is part of the constitutional personal jurisdiction analysis. As the party inviting the Court's exercise of personal jurisdiction, Mey bears the burden of showing that it is statutorily authorized and constitutionally permissible. *See Box Alarm Leather, LLC v. Manuel*, 2023 WL 7391867, at *1 (N.D. W. Va. Sept. 14, 2023). The P&M Defendants argued in the Motion to Dismiss and in the Reply that Mey failed to meet that burden. *See* ECF No. 32, at 16. This argument is not "new," as set forth in the P&M Defendants' Reply.

2

To be sure, look at the Complaint: there are *no* allegations demonstrating the exercise of personal jurisdiction satisfies the statutory and constitutional requirements, as to *each* defendant challenging personal jurisdiction. *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 268 (2017) (specifying that "[t]he requirements of *International Shoe* . . . must be met as to each defendant."). Allowing Mey to substitute argument of counsel in a Sur-reply—instead of requiring her to plead plausible allegations showing personal jurisdiction over each defendant in the Complaint—is prejudicial to each of the P&M Defendants. Mey's proposed Sur-reply is more than just an attempt to clarify issues for the Court, as Mey argues. Rather, it is Mey's inappropriate attempt at skipping over important procedural safeguards.

**Second**, Mey's Sur-reply is pure subterfuge on the issues of insufficiency of process and service of process. The P&M Defendants argued both issues in the Motion to Dismiss and Reply. In the proposed Sur-reply, Mey concedes "this issue will soon be mooted," *see* ECF No. 60-1, at 2, which is her way of signaling that the Court should not dismiss on these bases because she is going to cure her admitted deficient summons and service attempts. But that is not how it works.

In *Weese v. Savicorp, Inc.*, WL 6007499, at *2 (N.D. W. Va. Nov. 13, 2013), this Court held that, "[b]efore a court may exercise personal jurisdiction over an individual, the procedural requirement of service of process must be met." *Id.* (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987)). So, despite what Mey argues, service of the summons and complaint is a *prerequisite* to the district court's exercise of jurisdiction over a defendant. Process and service are not new issues. Allowing leave to file a sur-reply on these issues does not excuse the insufficiency of process or the failure to effect service of process, and would otherwise be prejudicial to the P&M Defendants. *See* ECF No. 32, at 18-19; ECF No. 53, at 9-10.

***Third***, with respect to Count II of the Complaint, the P&M Defendants argued in the Motion to Dismiss and Reply that West Virginia's fraudulent legal process statute, by its terms, does not have extra territorial reach. *See* W. Va. Code Ann. § 61-5-27; *see* ECF No. 32, at pp. 21-2; ECF No. 53, at 11. Mey did *not* file a response to the Motion to Dismiss as it related to Count II. Instead, under the guise of a Sur-reply, Mey interjects an argument she previously chose not to make in her Response. Allowing Mey to do so now is unduly prejudicial to the P&M Defendants.

`                                                        Respectfully submitted,

*/s/ Blake N. Humphrey*
Jared M. Tully (WV Bar No. 9444)
Blake N. Humphrey (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street E, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
jtully@fbtlaw.com
bhumphrey@fbtlaw.com

Richard W. Epstein*
Jeffrey Gilbert*
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
richard.epstein@gmlaw.com
jeffrey.gilbert@gmlaw.com

Carlos R. Baralt Suárez*
BARALT LAW LLC
P.O. Box 190751
San Juan, PR 00919
Telephone: 939-625-3712
cbaralt@baraltlaw.com

*Admitted pro hac vice

**Counsel for William Pintas, P&M Law Firm LLC, & P&M Law Firm (PR), LLC**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself**
**and a class of others similarly situated,**

       Plaintiff,

**v.**                                           **Civil Action No.: 5:24-cv-55**

**WILLIAM PINTAS, P&M LAW**
**FIRM, LLC, P&M LAW FIRM (PR), LLC,**
**RELIANCE LITIGATION, LLC, and JAMES**
**RYDER INTERACTIVE, LLC,**

       Defendants.

## CERTIFICATE OF SERVICE

I, Blake N. Humphrey, certify that on Monday, June 3, 2024, the foregoing ***P&M Defendants' Response in Opposition to Plaintiff Diana Mey's Motion for Leave to file a Surreply*** was filed via the Court's CM/ECF filing system.

                                                  */s/ Blake N. Humphrey*
                                                  Blake N. Humphrey (WV Bar No. 14132)