IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                                        Civil Action No. 5:24-CV-55

WILLIAM PINTAS, et al.

    Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## THE PINTAS DEFENDANTS' MOTION TO STAY

The Pintas Defendants seek to stay this case pending their interlocutory appeal on an issue unrelated to the underlying merits. ECF No. 56. And though they dutifully cite the relevant considerations for a stay, Defendants fail to actually explain *how* a stay would promote "judicial economy" and "orderly administration." Nor could they.

**First**, because the appeal does not bear on the merits of this case, discovery will be necessary regardless of outcome. The interlocutory appeal challenges the propriety of this Court's anti-suit injunction, enjoining further prosecution of the Puerto Rican lawsuit. ECF No. 50. Should Defendants prevail on appeal, the Puerto Rican lawsuit will simply proceed in tandem with this case. And because the appeal will not obviate the need for discovery, the interests of judicial economy and orderly administration of justice counsel against a stay. *See O'Brien v. Appomattox Cnty.,*

*Virginia,* 2002 WL 31663226, at *2 (W.D. Va. Nov. 15, 2002) (considering whether a stay would promote judicial economy and efficiency).

**Second**, because discovery will be necessary in any event, Defendant won't suffer irreparable harm absent a stay. *See Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (considering whether the applicant will be irreparably injured absent a stay). Defendants bear the burden of showing that a stay is warranted, yet they fail to explain how they'd be irreparably harmed if this case continues in the ordinary course. *See id.* (providing that the movant bears the burden of explanation).

**Third**, a stay would prejudice Mey and the putative class insofar as delay would likely lead to the loss of critical evidence—in particular, class call records, which can be particularly ephemeral in TCPA cases. *See id.* (considering whether a stay will prejudice other parties). A stay would likewise prevent Mey from prosecuting her claims against the remaining defendants, Reliance Litigation LLC and James Ryder Interactive LLC, who have no interests in the pending appeal.

In the end, Defendants' motion amounts only to a perfunctory recitation of general legal considerations devoid of any actual analysis or explanation. But then again, reason cannot be found in the reasonless. As such, Defendants' motion should be denied.

**DIANA MEY**

By Counsel:

/s/ Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## Certificate of Service

    I hereby certify that on June 11, 2024 a copy of the foregoing document was served via the Court's electronic filing system.

                                        /s/ Andrew C. Robey
                                        Andrew C. Robey (WVSB #12806)