IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

                Plaintiff,

v.                                                                                  Civil Action No.: 5:24-cv-55

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,
RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

                Defendants.

## P&M DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO STAY PROCEEDINGS PENDING APPEAL

Diana Mey's Response in Opposition to the P&M Defendants' Motion to Stay Proceedings Pending Appeal tersely criticizes the P&M Defendants for "fail[ing] to actually explain *how* a stay would promote 'judicial economy' and 'orderly administration.'" *See* ECF No. 62, at 1. Yet Mey's responsive arguments miss the mark—the P&M Defendants have explained both *how* and *why* a stay of proceedings is appropriate here. This Court should **GRANT** the P&M Defendants' Motion.

*First*, in opposing the P&M Defendants' request for a stay of proceedings, Mey claims that, since the "interlocutory appeal challenges the propriety of this Court's anti-suit injunction . . . [s]hould Defendants prevail on appeal, the Puerto Rican lawsuit will simply proceed in tandem with this case." *See* ECF No. 62, at 1. What Mey fails to appreciate is the fact that *if* this lawsuit proceeds pending the P&M Defendants' interlocutory appeal to the Fourth Circuit, then the Puerto Rico Lawsuit will *not* "simply proceed in tandem with this case." *Id.* Rather, by operation of this

1

Court's anti-suit injunction—and absent a stay of *proceedings* pending interlocutory appeal—the Puerto Rico Lawsuit becomes the proverbial tortoise while this case carries on as the hare.[1]

***Second***, Mey asserts that discovery "will be necessary in any event," such that the P&M Defendants "won't suffer irreparable harm absent a stay." *See* ECF No. 62, at 2. Yet as discussed above, that is *precisely* the irreparable harm that the P&M Defendants' will suffer absent a stay of proceedings pending appeal: discovery in this case—which, the P&M Defendants assert, should be conducted in tandem with discovery in the Puerto Rico Lawsuit—will proceed afoot, including potential discovery rulings rendered by this Court on issues relevant to both proceedings.

***Third***, Mey argues that "a stay would prejudice [her] and the putative class insofar as delay would likely lead to the loss of critical evidence—in particular, class call records." *See* ECF No. 62, at 2. Mey also suggests that a stay would prevent her "from prosecuting her claims against the remaining defendants . . . who have no interest in the pending appeal." *Id.* Besides just stating that "delay would *likely* lead to the loss of critical evidence," *id.* (emphasis added), Mey has not explained how or why that would be the case here. Nor can she. *See, e.g.*, *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 511 (D. Md. 2009) ("Once a party reasonably anticipates litigation, it is obligated to suspend its routine document retention/destruction policy and implement a 'litigation hold' to ensure the preservation of relevant documents." (internal quotation marks added)); *Samsung Elecs. Co. v. Rambus, Inc.*, 439 F.Supp.2d 524, 542 (E.D. Va. 2006), *vacated on*

---

[1] It is worth clarifying that, unlike the defendants in *O'Brien v. Appomattox Cnty., Va.*, 2002 WL 31663226 (W.D. Va. Nov. 15, 2002), the P&M Defendants are *not* seeking a stay of this Court's anti-suit injunction ruling pending appeal (which, if sought and granted by this Court or the Fourth Circuit, would allow the P&M Defendants to prosecute the Puerto Rico Lawsuit in tandem with this litigation). And that request would be assessed in light of the Supreme Court's four-part test in *Nken v. Holder*, 556 U.S. 418, 434 (2009). Rather, the P&M Defendants are asking this Court to exercise its inherent power to stay these proceedings pending the outcome of their interlocutory appeal. This will preserve the post-injunction status quo and actually allow the cases to proceed in tandem, in the event the Fourth Circuit rules in favor of the P&M Defendants.

*other grounds*, 523 F.3d 1374 (Fed. Cir. 2008) (recognizing that a party that anticipates litigation is "under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request").

Pursuant to the foregoing, this Court should exercise its inherent power and **GRANT** a stay of proceedings pending the P&M Defendants' interlocutory appeal to the Fourth Circuit.

                              Respectfully submitted,

                              */s/ Blake N. Humphrey*
Jared M. Tully (WV Bar No. 9444)
Blake N. Humphrey (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street E, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
jtully@fbtlaw.com
bhumphrey@fbtlaw.com

Richard W. Epstein*
Jeffrey Gilbert*
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
richard.epstein@gmlaw.com
jeffrey.gilbert@gmlaw.com

Carlos R. Baralt Suárez*
BARALT LAW LLC
P.O. Box 190751
San Juan, PR 00919
Telephone: 939-625-3712
cbaralt@baraltlaw.com

*Admitted pro hac vice

***Counsel for William Pintas, P&M Law Firm LLC, & P&M Law Firm (PR), LLC***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself**
**and a class of others similarly situated,**

       Plaintiff,

**v.**                                                      Civil Action No.: 5:24-cv-55

**WILLIAM PINTAS, P&M LAW**
**FIRM, LLC, P&M LAW FIRM (PR), LLC,**
**RELIANCE LITIGATION, LLC, and JAMES**
**RYDER INTERACTIVE, LLC,**

       Defendants.

## CERTIFICATE OF SERVICE

I, Blake N. Humphrey, certify that on June 13, 2024, the foregoing ***P&M Defendants' Reply in Support of Motion to Stay Proceedings*** was filed via the Court's CM/ECF filing system.

                              */s/ Blake N. Humphrey*
                              Blake N. Humphrey (WV Bar No. 14132)

0157290.0787324   4865-6407-1111v6

4