IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, on behalf of herself and a
class of others similarly situated,

                Plaintiff,

v.                                     **Civil Action No. 5:24-CV-55**
                                                Judge Bailey

**WILLIAM PINTAS, P&M LAW FIRM, LLC,
P&M LAW FIRM (PR), LLC, RELIANCE
LITIGATION LLC**, and **JAMES RYDER
INTERACTIVE LLC**,

                Defendants.

## ORDER DENYING MOTION FOR STAY

Pending before this Court is P&M Defendants' Motion for Stay of Proceedings Pending Interlocutory Appeal [Doc. 56]. The Motion has been fully briefed and is ripe for decision.

On Friday, May 17, 2024, this Court entered an Order Granting Anti-Suit Injunction, in which it enjoined and prohibited the P&M Defendants "from proceeding in any way with the underlying lawsuit in the Commonwealth of Puerto Rico Court of First Instance." [Doc. 50]. That day, this Court also entered a First Order and Notice Regarding Discovery and Scheduling Conference [Doc. 51].

On Tuesday, May 28, 2024, the P&M Defendants timely noted an interlocutory appeal of the Preliminary Injunction Ruling to the United States Court of Appeals for the Fourth Circuit [Doc. 54]. The moving defendants seek a stay of all proceedings in this

Court, "in the interest of both judicial economy and orderly administration of justice," citing **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56, 58 (1982) ("it is well-established that an appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'"). In **Coinbase, Inc. v. Bielski**, 599 U.S. 736, 740 (2023), the Supreme Court relied on the **Griggs** principle, which provides: "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" Applying the **Griggs** principle, the Supreme Court held "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially involved in the appeal." **Id**. at 741 (internal quotations omitted). **Coinbase** recognized, however, that where the entire case is not involved in an appeal, non-arbitrable matters would proceed. See **Coinbase**, 599 U.S. at 741 fn. 2 (acknowledging the petitioner's concession "that the district court may still proceed with matters that are not involved in the appeal[,]" which is consistent with **Griggs**).

In this case, the issue being appealed is the propriety of this Court's order enjoining proceedings in the Commonwealth of Puerto Rico's Court of First Instance. That is the sole issue on appeal. The progress of the action pending in this Court is not in issue in the appeal.

This Court possesses the inherent authority to stay a matter in furtherance of judicial economy. See **Landis v. North American Co.**, 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). In the exercise of its judgment, the court must ensure that the stay is not "immoderate" and limit the scope of the stay within a reasonable time frame. *Id*. at 257. In assessing a motion to stay, district courts in this state have utilized three factors based on **Landis**:

(1) the interests of judicial economy,

(2) hardship and equity to the moving party if the action is not stayed, and

(3) potential prejudice to the non-moving party.

**Kamara v. Polk**, 2014 WL 5810456, *3 (N.D. W.Va. 2014) (Groh, J.); **White v. Ally Fin. Inc.**, 969 F.Supp.2d 451, 462 (S.D. W.Va. 2013) (Goodwin, J.).

However, this Court finds no reason to grant a stay in the above-styled case. Should defendants prevail on appeal, the Puerto Rican lawsuit will simply proceed in tandem with this case. Because the appeal will not obviate the need for discovery, the interests of judicial economy and orderly administration of justice counsel against a stay. *See* **O'Brien v. Appomattox Cnty., Virginia**, 2002 WL 31663226, at *2 (W.D. Va. Nov. 15, 2002) (Moon, J.) (considering whether a stay would promote judicial economy and efficiency).

Also, because discovery will be necessary in any event, the defendants won't suffer irreparable harm absent a stay. *See* **Nken v. Holder**, 556 U.S. 418, 433–34 (2009) (considering whether the applicant will be irreparably injured absent a stay).

3

Defendants bear the burden of showing that a stay is warranted, yet they fail to explain how they'd be irreparably harmed if this case continues in the ordinary course. The burden on a party requesting a stay is a heavy one, since the party seeking a stay has already lost the initial determination resulting in the preliminary injunction and the factors are similar. Wright, Miller & Kane, 11 *Federal Practice and Procedure* § 2904 at 503–04, 513–14 (1995).

Third, a stay would prejudice Mey and the putative class insofar as delay would likely lead to the loss of critical evidence—in particular, class call records, which can be particularly ephemeral in TCPA cases. See *O'Brien*, supra. (considering whether a stay will prejudice other parties). A stay would likewise prevent Mey from prosecuting her claims against the remaining defendants, Reliance Litigation LLC and James Ryder Interactive LLC, who have no interests in the pending appeal.

For the above reasons, P&M Defendants' Motion for Stay of Proceedings Pending Interlocutory Appeal [**Doc. 56**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 24, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**