IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.                                        Civil Action No. 5:24-CV-55

WILLIAM PINTAS, et al.

    Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS[1]

P&M Law's counterclaims are unintelligible, border on frivolous, and should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

In Count I, P&M Law purports to state a claim under W. Va. Code § 61-3-24 for "obtaining services under false pretenses." In particular, P&M Law suggests that Mey obtained undefined services under false pretenses when she used a pseudonym to identify the source of illegal calls. But this claim fails as a matter of law because it is premised on a criminal statute, which does not afford any private right of action. And, even if this claim could be recast as one for common law fraud, P&M Law has

---

[1] Defendants William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC are collectively referred to as "P&M Law."

failed to identify any fraudulent conduct, services actually received under false pretenses, or any other cognizable injury.

In Count II, P&M Law purports to state a claim under W. Va. Code § 61-5-27a for fraudulent legal process. Though unclear, P&M Law seems to suggest that Mey improperly proceeded against P&M Law despite deficiencies in service. But this claim is based on the mistaken premise that actual service was required at the relevant juncture. Even then, a supposed deviation from Federal Rule of Civil Procedure 4 does not give rise to a claim for fraudulent legal process. In the end, P&M Law's fraudulent legal process claim is Rule 12(b) defense masquerading as an affirmative cause of action.

For these reasons, which are explained more fully below, P&M Law's counterclaims should be dismissed in their entirety.

## OPERATIVE ALLEGATIONS OF P&M LAW

Mey alleges that she received several unsolicited telephone calls from P&M Law on her residential phone on February 8, 2024. Counterclaim ¶ 10. The caller gave her information about the Camp Lejeune Water Contamination Compensation Claims litigation. *Id*. at ¶ 11. At first, Mey could not establish the identity of the party or parties responsible for generating the calls. *Id*. at ¶ 12. "Mey engaged in deceitful acts, conduct, and representations as a subterfuge to gain additional information about the caller." *Id*. at 13. In particular, Mey used a fictitious identity – "Rhonda Nicholson" – and feigned interest in the Camp Lejeune Water Contamination Claims litigation "to invite more calls about the litigation so she could generate more calls

and gather more information about the caller, her true intent for continue [sic] to engage the callers." *Id*. at ¶ 14.

After receiving the calls and identifying P&M Law as a responsible party, Mey sent P&M Law a pre-suit demand to resolve her TCPA claims. *Id*. at ¶¶ 15-16. When P&M Law refused to settle, Mey sued P&M Law. *Id*. at ¶ 17. "Based on invited communications and consent, Mey claims to have amassed at least 19 calls to her cellular telephone, calls she claims violated the TCPA." *Id*. at ¶ 18.

"Mey engaged in deceit and fraud by creating and using the false identity 'Rhonda Nicholson' at a false address, and by lying about her state of residence – Illinois – as the vehicle for Mey's demands and lawsuit." *Id*. at ¶ 21. "Mey also committed fraud by inviting or giving permission to caller affiliates to receive additional informational calls about the Camp Lejeune Water Contamination Compensation Claims – with no intent other than to add calls about that subject to her claims of TCPA violations against P&M." *Id*. at ¶ 22. "Mey continued her deceit by agreeing to have a retainer agreement prepared under the name 'Rhonda Nicholson,' the fictional character central to Mey's fraudulent acts, conduct, and representations." *Id*. at ¶ 26. "Mey had no intention of signing the retainer agreement Rhonda Nicholson invited be sent to her because the true motive and intent was behind asking for the retainer agreement was to use the retainer to generate more calls and to gain more information to use in her lawsuit." *Id*. at ¶ 27.

3

#### DISCUSSION

**Count I: "Obtaining Services Under False Pretenses"**

In Count I, P&M Law purports to state a claim under W. Va. Code § 61-3-24, alleging that Mey obtained services under false pretenses. Counterclaim ¶¶ 32-37. This claim appears premised on Mey's use of a pseudonym, which was used to identify the source of illegal calls. *Id.* at ¶¶ 21-27. The claim fails for a host of reasons.

For starters, W. Va. Code § 61-3-24 is a criminal statute, which does not afford a private right of action. Even then, P&M Law fail to allege any violation of that statute. For instance, P&M Law fails to allege the critical element of *intent* to obtain services under false pretenses. In fact, P&M Law pleads the exact opposite, conceding that Mey engaged in "subterfuge to gain additional information about the call" and that "Mey had no intention of signing the retainer agreement" and receiving services incidental thereto. Counterclaim ¶¶ 13, 27. Beyond the element of intent, P&M Law also fails to identify any *services* Mey received under false pretenses. That P&M Law emailed Mey a form retainer agreement hardly qualifies as "theft of services." W. Va. Code § 61-3-24(d). Taken together, even if a private right of action can be inferred from this criminal statute, P&M Law's own allegations close that door.

Relatedly, if the claim is reconstrued as one for common law fraud, P&M Law fails to sufficiently plead fraudulent conduct or resulting injury (detrimental reliance).[2] Here, P&M Law suggests that the use of a pseudonym amounts to

---

[2] To state a claim for fraud, P&M Law must allege "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and

4

fraudulent conduct. But, as this Court has already noted, "the Federal Trade Commission and numerous courts have endorsed plaintiffs posing as interested consumers in order to identify the source of a call." ECF No. 68, at n.1. As to the element of injury, P&M Law fails to explain its theory of detrimental reliance. Most obviously, P&M Law fails to allege monetary injury resulting from Mey's investigative tactics. Nor do they allege that Mey extracted anything else of value. Because P&M Law has failed to allege at least two critical elements, they likewise fail to state any claim for common law fraud.

### Count II: Fraudulent Legal Process

In Count II, P&M Law purports to state a claim for fraudulent legal process under W. Va. Code § 61-5-27a(h). The actual basis for that claim, however, is less clear. Parsing the allegations, the theory appears to be as follows: this Court directed Mey to effectuate "actual service" prior to the TRO hearing. Counterclaim ¶ 48. And because Mey failed to effectuate "actual service" as directed, Mey's subsequent prosecution of the case amounts to a "fraudulent official proceeding" and each subsequent filing amounts to a "fraudulent filing." *Id.* at ¶¶ 38-59.[3]

---

(3) that he was damaged because he relied on it." *Michael v. Consolidation Coal Co.*, 2017 WL 1197828, at *13 (N.D.W. Va. Mar. 31, 2017) (Keeley, J.).

[3] Though P&M Law challenges earlier efforts at service, it does not dispute that service was ultimately effectuated. Nor could it. Mr. Pintas was served by leaving copies of the summons and complaint at his personal residence in Puerto Rico with a person of suitable age. ECF No. 64. P&M Law (PR) was served through its member, Mr. Pintas. ECF No. 65. And P&M Law (Chicago) was served through the Illinois Secretary of State. ECF No. 59.

5

First, P&M Law's claim appears to be based on a mistaken premise: that this Court directed Mey to effectuate "actual service" prior to the TRO hearing.[4] But this Court directed Mey to provide "actual notice" of the TRO hearing, which she did. In addition to hand delivering a copy of the order and related documents to P&M Law's Chicago office (ECF No. 11), Mey's attorneys also emailed those same documents to P&M Law's Puerto Rican counsel on Friday, April 26, 2024 at 2:22 pm (Counterclaim ¶¶ 45-47). P&M Law plainly received "actual notice" of the hearing, as further evidenced by the counsels' in-person appearance. Because Mey acted in accordance with this Court's directive, P&M Law fails to state a claim for fraudulent legal process.

Second, "actual service" is not even required prior to entry of a TRO or preliminary injunction order. Fed. R. Civ. P. 65(a)-(b) (requiring, at most, notice to the adverse party). P&M Law's claim cannot be premised on the absence of something explicitly waived by the federal rules.

Third, even if "actual service" were required, a deviation from Federal Rule of Civil Procedure 4 does not create an affirmative cause of action for fraudulent legal process. *See Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 451 (D. Del. 2007) (providing that the Federal Rules of Civil Procedure do not create private cause of action that would support claim under state law for civil conspiracy to evade

---

[4] Whether knowingly or unwittingly, P&M Law continues to misread this Court's order. *See* Motion to Dismiss, ECF No. 32 at n.7 (claiming that "the Court also ordered Mey to effect 'actual service' on each defendant—and to file returns showing actual service"). PI Response, ECF No. 42, at 8 (same); Appellant Brief, at 14 (same).

discovery obligations); *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 402 (D. Md. 2016) (providing that the Rules do not create a private cause of action and dismissing the claim as frivolous); *Good v. Khosrowshahi*, 2008 WL 11451613, at *4 (D.N.M. Mar. 17, 2008) ("it is clear that non-compliance with a federal rule cannot create a private cause of action").

***

Though of questionable relevance, P&M Law continues to complain that the summons they received lacked the clerk's raised seal. But again, the original summons were indeed signed and sealed by the clerk's office. As permitted by the rules, P&M Law was served with scanned and printed copies of each summons, which, unsurprisingly, fail to capture a colorless raised seal. *See* Fed. R. Civ. P. 4 (contemplating, in repeated instances, the use of copies). Nonetheless, to allay any concerns on that front, Mey offered the originals for physical inspection. P&M Law, however, declined that offer, revealing their concerns to be wholly disingenuous. *See* Exhibit A (email).

## CONCLUSION

Because they fail to state any claims upon which relief can be granted, P&M Law's counterclaims should be dismissed in their entirety.

**DIANA MEY**

By Counsel:

/s/ Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

**Certificate of Service**

  I certify that, on July 19, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

                <u>/s/ Andrew C. Robey</u>