# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

    *Plaintiff-Counterclaim Defendant,*

v.                                               **Civil Action No.: 5:24-cv-55**

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,**

    *Defendants-Counterclaim Plaintiffs,*

**and**

**RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

    *Defendants.*

## P&M'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

      In moving to dismiss the counterclaims asserted by William Pintas, P&M Law Firm, LLC, and P&M Law Firm (PR), LLC (the "Puerto Rico Law Firm") (collectively, "P&M"), Plaintiff-Counterclaim Defendant Diana Mey ("Mey") appears to be comforted by the *expectancy* that her threadbare arguments will be enough to convince this Court that the two Counterclaims asserted against her—that is, Count I, asserted only by the Puerto Rico Law Firm and alleging that Mey obtained services under false pretenses; and Count II, asserted by P&M and alleging that Mey engaged in fraudulent legal process, in contravention of W. Va. Code § 61-5-27a(h)—are "unintelligible" and "frivolous." *See* ECF No. 78, at 1. Yet as explained in further detail below,

both of P&M's Counterclaims make sufficiently plausible allegations as asserted and alleged. Accordingly, this Court should therefore **DENY** Mey's Motion to Dismiss.[1]

### I. <u>LEGAL STANDARD</u>

Contrary to Mey's arguments, at this juncture, P&M is *not* required to fill in each and every evidentiary gap. *See, e.g.*, *Mey v. Patriot Payment Grp., LLC*, 2016 WL 11501450, at *2 (N.D. W.Va. Jan. 5, 2016) (Bailey, J.) ("It is not necessary at this stage in the proceedings for the plaintiff to fill in each evidentiary gap; it is sufficient that she plead well enough to establish that her claim is not facially frivolous and thus not futile."). Rather, P&M must allege sufficient factual matter to "'state a claim for relief that is plausible on its face.'" *See Mey v. All Access Telecom, Inc.*, 2021 WL 8892198, at *1 (N.D. W. Va. Sept. 7, 2021) (Bailey, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To that end, when reviewing Mey's instant Motion to Dismiss, this Court is obliged to "assume all of the allegations to be true, must resolve all doubts and inferences in favor of . . . [P&M], and must view the allegations in a light most favorable to . . . [P&M]." *See Koontz v. SN Servicing Corp.*, __ F.Supp.3d __, 2024 WL 1344655, at *3 (N.D. W. Va. Feb. 26, 2024) (Bailey, J.) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).

### II. <u>LAW AND ARGUMENT</u>

#### A. Count I—the Puerto Rico Law Firm's counterclaim against Mey for obtaining services under false pretenses—states a plausible claim for relief.

For three reasons, Mey's Motion to Dismiss should be denied as to Count I of the Counterclaim. ***First***, Mey's argument about a private right of action is simply a distraction from the plain language of the operative statute. W. Va. Code § 61-3-24(f) provides that "[p]rosecution for an offense under this section *does not bar or otherwise affect adversely* any right or liability to

---

[1] The facts giving rise to P&M's instant Counterclaims are sufficiently spelled out in prior briefing. *See* ECF Nos. 32, 42. For that reason, and in the interest of judicial economy and efficiency, P&M adopts those factual recitations as if set forth fully herein.

2

damages, forfeiture or *other civil remedy* arising from any or all elements of the criminal offense." *See* W. Va. Code § 61-3-24(f) (emphasis added). This contemplates that a violation of the statute does *not* limit an individual's ability to seek a "civil remedy" for false pretenses. *Id.*

***Second***, the elements of a false pretenses claim are as follows: "(1) the intent to defraud; (2) actual fraud; (3) the false pretense was used to accomplish the objective; and (4) the fraud was accomplished by means of the false pretense, i.e., the false pretense must be in some degree the cause, if not the controlling cause, which induced the owner to part with his property." *See Kennedy v. State*, 342 S.E.2d 251, 256-57 (W. Va. 1986); *Kidd v. Mull*, 595 S.E.2d 308, 314 (W. Va. 2004) ("Where one person induces another to enter into a contract by false representations which he is in a situation to know, and which it is his duty to know, are untrue, he, in contemplation of law, does know the statements to be untrue, and consequently they are held to be fraudulent, and the person injured has a remedy for the loss sustained by an action for damages.").

Here, in Paragraphs 14, 15, 20-23, 31, and 34-37 of the Counterclaim, the Puerto Rico Law Firm—as the lone Counterclaim Plaintiff on this claim—alleges that Mey intended to defraud the Puerto Rico Law Firm vis-à-vis the callers that she engaged with. More specifically, Mey made various and repeated false representations, statements, or promises relating to future acts (*i.e.*, signing a retainer agreement for representation related to the Camp Lejune Justice Act of 2022).

Additionally, the Puerto Rico Law Firm has alleged *actual* fraud on Mey's part. Indeed, Mey lied about *who* she was (i.e., "Rhonda Nicholson"), *where* she lived (i.e., "Bensenville, Illinois"), and *why* she was eligible for benefits under the Camp Lejune Justice Act of 2022—which she would receive based on the legal representation of the Puerto Rico Law Firm.

3

What's more, as Mey alleges in her Complaint; after providing all this false information, she otherwise *completed* an online form and *requested* a retainer agreement. *See* Counterclaim ¶ 27.[2]

***Third***, in classic "strawman" fashion, Mey admittedly "reconstructed" Count I "as one for common law fraud" to argue that the Puerto Rico Law Firm did not plead "at least two critical elements" of common law fraud. *See* ECF No. 78, at 4-5, n.2.  Mey then advances a "strawman" and claims that the FTC and numerous unidentified federal courts have *blessed* Mey's use of lies and deceit, the subject of the Counterclaim. Graced with this apparent blessing, Mey remarkably claims that she cannot be held liable by the Puerto Rico Law Firm for *any* common law fraud.

Nevertheless, in light of Mey's attempt to characterize Count I of the Counterclaim as a claim for common law fraud, the P&M Defendants will seek leave to amend their Counterclaim to add a claim against Mey for common law fraud. To that end, a motion seeking leave to amend is forthcoming and will be filed in accordance with the Court's upcoming deadline.

### B. Count II—P&M's counterclaim against Mey for engaging in fraudulent legal process—also states a plausible claim for relief.

Moving on, Mey's attempt to have this Court dismiss Count II of the Counterclaim fares no better. That is so because the bases of Count II are clearly alleged.  For example, the Counterclaim alleges that Mey violated at least three provisions of the West Virginia Code: (i) W. Va. Code § 61-5-27a(h), by directing the filing of and prosecuting the original and fraudulent action; (ii) W. Va. Code § 61-5-27a(b), by knowingly engaging in a fraudulent official proceeding or "legal process" (which is defined in the statute to include, among other items, a "complaint,"

---

[2] Furthermore, law-abiding citizens typically do not lie in connection with seeking governmental benefits. *But see* Counterclaim at ¶¶ 13-14.  And of course, being a self-anointed "consumer activist" does not create an exception to the rule of law, especially in connection with seeking governmental benefits designed to help impacted U.S. Veterans and their dependents.

4

"demand," "motion," "notice," "order," or "pleading");[3] and (iii) W. Va. Code § 61-5-27a(c), by knowingly causing a public official to file, record, or deliver a fraudulent complaint, defective summons, or other legal process. Again, whether intentional or inadvertent, Mey conveniently overlooks the plain language of this statute and the attendant allegations that make this claim legally cognizable.[4]  As such, Mey's Motion to Dismiss must be **DENIED** for these reasons:

*First*, after engaging in fraud and deceit (as alleged and catalogued throughout P&M's Counterclaim), Mey filed and is prosecuting this action under an exception in the Anti-Injunction Act, *see* 22 U.S.C. § 2283, which rests squarely on the fraud and deceit she created and used in violation of the law. *See, e.g.*, W. Va. Code § 61-5-27a(h). More specifically, Mey is alleged to have knowingly engaged in a scheme to bring fraudulent claims in this Court as a means of forum-shopping, *see* Counterclaim ¶¶ 38-50, allegations which must be taken as true at this stage in the proceedings. *See, e.g.*, *Marietta Area Healthcare, Inc. v. King*, 2022 WL 2195449, at *5 (N.D. W.

---

[3] The terms "fraudulent" and "legal process," as utilized in W. Va. Code § 61-5-27a, are otherwise defined in W. Va. Code § 61-5-27. *See* W. Va. Code § 61-5-27a.

[4] Mey's Complaint asserted a claim for relief for fraudulent legal process against Pintas and the Puerto Rico Law Firm. *See* Mey Complaint ¶¶ 87-93. Mey's claim rests on the bare allegation that the complaint filed by the Puerto Rico Law Firm in the Puerto Rico Lawsuit contains "several false or materially misstated allegations." *Id.* at ¶ 91. Although the P&M Defendants moved to dismiss Mey's fraudulent legal process claim for failure to state a plausible claim for relief, the Court found this allegation sufficient and denied the P&M Defendants' motion.

Perhaps unsurprisingly, Mey attacks P&M's fraudulent legal process counterclaim, notwithstanding the allegations that Mey herself engaged in false and deceitful conduct. For example, Paragraph 14 of the Counterclaim alleges that "Mey used a fictitious identity – 'Rhonda Nicholson' – and feigned interest in the Camp Lejeune Water Contamination Claims litigation to accomplish her objective of receiving more calls so she could generate more calls and gather more information about the caller, her true intent for continuing to engage the callers." *See* Counterclaim ¶ 14; *see also id.*, ¶¶ 15-26. These allegations alone are plausible and survive a motion to dismiss.

Va. June 17, 2022) (denying motion to dismiss because, when taking the allegations as true, which the court must, the complaint stated a plausible claim for relief).[5]

***Second***, Mey violated W. Va. Code § 61-5-27a(b) by knowingly initiating and engaging in a fraudulent official proceeding by preparing, delivering, and prosecuting impermissible "legal process." Mey does not dispute—because she cannot—that "legal process," as defined in the statute, includes, but is not limited to, "a complaint . . . demand . . . motion, notice, order, . . . pleading, . . . [or] summons . . . ." *See* W. Va. Code § 61-5-27. As alleged, Mey utilized several forms of "legal process"—including a complaint, demand, motion, and summons—to forum-shop her way out of the Puerto Rico Lawsuit. Mey's brazen use of each of these "legal processes" constitutes misapplication of legal process to accomplish some ulterior purposes.[6]

***Third***, as it pertains to "fraudulent filings," W. Va. Code § 61-5-27a(c) states that "[i]t is unlawful for a person to knowingly cause a public official or employee to file, record or deliver a fraudulent . . . complaint, summons, . . . or other legal process, including those issued as the result of a fraudulent official proceeding." *See* W. Va. Code § 61-5-27a(c). These are precisely the types of acts that are alleged in the Counterclaim. *See* Counterclaim ¶¶ 38-50. As discussed above,

---

[5] To be sure, after filing her fraudulent Complaint on March 19, 2024, Mey waited thirty-eight (38) days until late in the afternoon on Friday, April 26, 2024—without securing sufficient process and before effecting service of process—to email pleadings and papers to the Puerto Rico Law Firm's lawyer in Puerto Rico. *See* Counterclaim at ¶¶ 54-56. Shortly after sending the email, Mey's lawyer sent a second email to the Puerto Rico Law Firm's lawyer, indicating that a hearing would be conducted the following Tuesday at 10:30 AM in Wheeling. As alleged in the Counterclaim, *see* ¶¶ 38-57, Mey directed: (i) the filing of the fraudulent "legal process," in its several forms as defined in the statute; and (ii) the prosecution of her improper and inappropriate request for injunctive relief. *See* Counterclaim ¶¶ 9-14, 17-18, 21, 23-27.

[6] For example, despite aggressively defending her interests in the Puerto Rico Lawsuit for nearly a year, Mey made an inordinate and exploitive "demand" for $130,000.00, as alleged in Paragraph 15 of P&M's Counterclaim, to settle her fraudulent claim that she received 19 calls in violation of the TCPA. When that demand did not work, Mey resorted to a surprise sneak attack and sought improper refuge from this Court. *Id.* As this example establishes, the Counterclaim plausibly alleges that Mey violated W. Va. Code § 61-5-27a(b).

Mey knowingly filed and delivered a fraudulent Complaint in this Court. Mey also engaged in other fraudulent legal processes, filled with baseless allegations regarding the inadequacy of the courts in the Commonwealth of Puerto Rico and the Puerto Rico Law Firm's lawyer. As discussed above, the Counterclaim states a plausible claim for Fraudulent Legal Process under the statute.

*Fourth*, Mey argues that, even if service is required, "Federal Rule of Civil Procedure 4 does not create an affirmative cause of action for fraudulent legal process." *See* ECF No. 78, at 6-7. Of course, Mey either inadvertently overlooks or intentionally ignores that W. Va. Code § 61-5-27(e) expressly provides for a civil cause of action.[7] Consequently, Mey's wholesale reliance on Federal Rule of Civil Procedure 4 and two out-of-circuit cases—*Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F.Supp.2d 444 (D. Del. 2007), and *Good v. Khosrowshahi*, 2008 WL 11451613, at *4 (D.N.M. Mar. 17, 2008), *aff'd,* 296 F. App'x 676 (10th Cir. 2008)—is misplaced.[8]

---

[7] W. Va. Code § 61-5-27a(h) provides, in full, that "[a] person who violates this section is liable in a civil action to any person harmed by the violation for injury or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs and other expenses incurred as a result of prosecuting the civil action commenced under this subsection, which is not the exclusive remedy of a person who suffers injury or loss to person or property as a result of a violation of this section." *See* W. Va. Code § 61-5-27a(h).

[8] For instance, *Digene Corp.* merely recognized that the Federal Rules of Civil Procedure do *not* create private a cause of action that would support a claim under Delaware law for civil conspiracy to evade federal court discovery obligations. *See Digene Corp.*, 476 F.Supp.2d at 451-52. Likewise, *Good* cites *Digene Corp*. for the same unremarkable conclusion. But here, P&M is not pursuing a fraudulent legal process claim grounded solely in Rule 4 of the Federal Rules of Civil Procedure, nor are they alleging that Mey has used legal process to evade federal court discovery obligations. Rather, just as Mey pursues a fraudulent legal process claim against William Pintas and the Puerto Rico Law Firm, P&M has plausibly alleged that Mey has violated West Virginia law by herself engaging in fraudulent "legal process," as defined by statute.

7

### III.   CONCLUSION

At bottom, P&M's Counterclaims each state a plausible claim for relief. Pursuant to the foregoing, this Court should **DENY** Mey's Motion to Dismiss.

Respectfully submitted,

*/s/ Jared M. Tully*
Jared M. Tully (WV Bar No. 9444)
Blake N. Humphrey (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street E, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
jtully@fbtlaw.com
bhumphrey@fbtlaw.com

Richard W. Epstein*
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
richard.epstein@gmlaw.com

Jeffrey Gilbert*
GREENSPOON MARDER LLP
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Telephone: 305-789-2761
jeffrey.gilbert@gmlaw.com

Carlos R. Baralt Suárez*
BARALT LAW LLC
P.O. Box 190751
San Juan, PR 00919
Telephone: 939-625-3712
cbaralt@baraltlaw.com

*Admitted pro hac vice

**Counsel for William Pintas, P&M Law Firm LLC, & P&M Law Firm (PR), LLC**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, on behalf of herself**
**and a class of others similarly situated,**

    *Plaintiff-Counterclaim Defendant,*

v.                                                                                            **Civil Action No.: 5:24-cv-55**

**WILLIAM PINTAS, P&M LAW**
**FIRM, LLC, P&M LAW FIRM (PR), LLC,**

    *Defendants-Counterclaim Plaintiffs,*

**and**

**RELIANCE LITIGATION, LLC, and JAMES**
**RYDER INTERACTIVE, LLC,**

    *Defendants.*

## CERTIFICATE OF SERVICE

    I, Jared M. Tully, certify that on Friday, August 2, 2024, a true copy of the foregoing was filed via the Court's CM/ECF system, thereby providing notice to all counsel of record.

                                                */s/ Jared M. Tully*
                                                Jared M. Tully (WV Bar No. 9444)

0157290.0787324   4873-6638-2036v6