**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY, on behalf of herself
and a class of others similarly situated,**

     *Plaintiff-Counterclaim Defendant,*

**v.**                                     **Civil Action No.: 5:24-cv-55**

**WILLIAM PINTAS, P&M LAW
FIRM, LLC, P&M LAW FIRM (PR), LLC,**

     *Defendants-Counterclaim Plaintiffs,*

**and**

**RELIANCE LITIGATION, LLC, and JAMES
RYDER INTERACTIVE, LLC,**

     *Defendants.*

---

### P&M'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM

Defendants-Counterclaim Plaintiffs William Pintas ("Pintas") P&M Law Firm (PR), LLC ("P&M-PR"), and P&M Law Firm, LLC ("P&M-Chicago") (collectively, "P&M"), by and through undersigned counsel, move pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend their previously filed Counterclaim. *See* ECF No. 72. P&M has not previously sought leave to amend the Counterclaim. Furthermore, the proposed amendment (1) will not prejudice Plaintiff-Counterclaim Defendant Diana Mey; (2) is not brought in bad faith; and (3) is not futile. As explained in further detail below, this Court should **GRANT** P&M's Motion for Leave to File First Amended Counterclaim, a copy of which is attached hereto as **Exhibit A**.

## I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff-Counterclaim Defendant Diana Mey is a self-described and so-called "consumer advocate" who lives in Wheeling, West Virginia. Mey has filed dozens of lawsuits under the Telephone Consumer Protection Act ("TCPA") and other consumer related laws, primarily in the Northern District of West Virginia, but also in federal courts elsewhere. *See* ECF No. 42, at 4-5. Her current TCPA targets in this litigation are Pintas, a lawyer residing in San Juan, Puerto Rico, who founded, owns, and operates P&M-PR and who founded P&M-Chicago in Chicago, Illinois.

Almost eleven and a half months *after* P&M-PR sued Mey for fraud and declaratory relief in the Commonwealth of Puerto Rico relating to a telemarketing campaign concerning benefits and compensation under the Camp Lejeune Justice Act of 2022, Mey filed this action in the Northern District of West Virginia. Only one of Mey's five "retaliation" claims in this case, Count I, sues Pintas and both Law Firms under the TCPA. The other four Counts are directed solely at Pintas and P&M-PR and include the following claims: Count II (Fraudulent Legal Process); Count III (Abuse of Process); Count IV (Intentional Infliction of Emotional Distress); and Count V (Injunctive Relief).

Each of Mey's claims are alleged to be related to telemarketing calls about her eligibility for benefits and compensation under the Camp Lejeune Justice Act, calls and text messages that she alleges violated the TCPA. Mey admits that, during each of the allegedly illegal calls, she falsely claimed to be a woman named "Rhonda Nicholson." As the story goes, "Rhonda" spoke to each caller and, even though she concedes she invited follow-up calls, eventually – after 21 calls and three text messages – said she had had enough and told the caller she was on the national Do-Not-Call Registry and that the calls must be stopped. This is what her five claims are about.

2

Recently, on June 28, 2024, the P&M Defendants answered Mey's Complaint and asserted a two-count counterclaim: Count I, Obtaining Services under Fase Pretenses, pursued solely by P&M-PR; and Count II, Fraudulent Legal Process, pursued collectively by Pintas, P&M-PR, and P&M-Chicago. *See* ECF No. 72. On July 19, 2024, without answering the Counterclaim, Plaintiff moved to dismiss, claiming, in part, that the Counterclaim failed to allege common law fraud. Now, P&M seeks leave from this Court to file the proposed First Amended Counterclaim, attached as **<u>Exhibit A</u>**, to allege a claim for common law fraud and a claim for abuse of process.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 15 permits a party to amend an answer "once as a matter of course" within 21 days after serving the pleading. *See* Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *see also Lee v. W. Virginia Univ.*, 2024 WL 3348894, at *2–3 (N.D.W. Va. July 8, 2024) (Kleeh, C.J.). The decision to grant a motion to amend is well within the discretion of the Court. *See Scott v. Fam. Dollar Stores, Inc.,* 733 F.3d 105, 121 (4th Cir. 2013); *accord Lee*, 2024 WL 3348894, at *2–3. The Supreme Court has set forth factors that a court should weigh when applying Rule 15(a)(2). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). More specifically, leave to amend should be given unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." *Lee.*, No. 1:22-CV-156, 2024 WL 3348894, at *2–3; (citing *Johnson*, 785 F.2d at 509 citing *Foman*, 371 U.S. at 182).

### III.      LEAVE TO AMEND SHOULD BE GRANTED.

For the following reasons, not one of the three *Foman* factors bars P&M's proposed First Amended Counterclaim. ***First***, Mey will not suffer *any* prejudice if leave to amend is given because she has yet to answer the initial counterclaim. Furthermore, according to this Court's Scheduling Order, trial is not set until June 10, 2025. *See* ECF No. 73. Mey will suffer no prejudice in preparing her case in the event leave is granted, since briefing on her motion to dismiss the initial counterclaim has not been completed. Although a finding of prejudice applies ordinarily when the amendment is offered "shortly before or during trial," that is not present here. *Johnson*, 785 F.2d at 510 (citing *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)). Indeed, there are 309 days between today and June 10, 2025, the current trial date.

Moreover, the proposed First Amended Counterclaim, which is attached to this Motion, does *not* require Mey to gather and analyze facts she has not already considered, as illustrated by Mey's arguments in her Motion to Dismiss the initial counterclaim. *See* ECF Nos. 77 & 78. Indeed, although Pintas and P&M-PR did not assert a fraud claim in the initial counterclaim, Mey argued in her Motion to Dismiss that they could not state a claim for common law fraud. But that is untrue and unavailing. Mey thus cannot claim there is *any* prejudice to her because she expected the claim, and the proposed amendment does not introduce a new legal theory that would require the gathering and analysis of facts Mey has not already considered. *See Johnson*, 785 F.2d at 510.

***Second***, P&M is not seeking leave to amend in bad faith, for tactical purposes, or for delay. This is evident here because trial is set for June of 2025, which is ten (10) months from the filing of this motion and amending is to no tactical advantage. *See* ECF No. 73. As Chief Judge Kleeh recently explained in *Lee*, bad faith amendments are "abusive" or are "made in order to secure some ulterior tactical advantage." *See* 2024 WL 3348894, at *2–3 (internal quotation marks

omitted). Delay in seeking leave to amend, alone, "is an insufficient reason to deny [a] motion to amend," *see Hart v. Hanover Cnty. Sch. Bd.*, 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted), and is not abusive. Here, P&M's proposed amendment to the Counterclaim is neither abusive nor made for a tactical advantage. It is otherwise very clearly *not* made for the purposes of delaying the trial in June 2025. The second *Foman* factor weighs in favor of granting leave to amend.

**Third**, the proposed First Amended Counterclaim is not futile. *See Johnson*, 785 F.2d at 509-10. Even absent prejudice and bad faith, the Fourth Circuit has explained that courts should *not* deny leave to amend based on futility alone unless "the proposed amendment is clearly insufficient or frivolous on its face." *Id.* at 510. Only if relief *cannot* be granted for these reasons would an amendment be deemed futile. *See Hutsell v. Sayre*, 5 F.3d 996, 1006 (6th Cir. 1993).

The proposed First Amended Counterclaim is neither "clearly" insufficient nor frivolous. For example, the proposed First Amended Counterclaim is not futile and spells out the alleged fraud, including the time, place, and contents of the false representations or matters concealed, as well as the identity of the person making the misrepresentation and what was concealed, and what person perpetrating the fraud obtained. To that end, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *See United States v. Highland-Clarksburg Hosp., Inc.*, 2022 WL 4391508, at *3 (N.D. W. Va. Sept. 22, 2022). "Malice, intent, knowledge, and other conditions" can be alleged generally. *See* Fed. R. Civ. P. 9(b).

Indeed, Pintas and P&M-PR spell out the particular circumstances supporting the fraud claim in the proposed First Amended Counterclaim to which Mey must defend. From the first to the last call she received concerning the benefits and compensation under the Camp Lejeune

Justice Act of 2022, Mey acted with calculated purpose and malice solely to manufacture her TCPA claim, otherwise inviting and responding to telemarketing calls by deceiving the caller, the substance of which was her repeated statements: (1) that her name was "Rhonda Nicholson"; (2) that "Rhonda" lived in and so had her residence in and an address in Illinois; (3) that "Rhonda" and her husband had been at Camp Lejeune at and during the relevant time period under federal law; (4) that "Rhonda" had suffered a compensable injury under the Camp Lejeune Justice Act of 2022; (5) that "Rhonda" was interested in being represented in connection with obtaining potential benefits and compensation under the provisions of the Camp Lejeune Justice Act; (6) that "Rhonda" consented to the caller or an affiliate calling her back; and (7) that she, "Rhonda," after being told she was likely eligible for Camp Lejeune benefits and compensation, sought a retainer reflecting her agreement to be represented by a lawyer in the Camp Lejeune litigation. As these allegations support, the proposed amendment is more than sufficient and is not frivolous.

## IV.   CONCLUSION

Pursuant to the foregoing, this Court should **GRANT** P&M's Motion for Leave to File the First Amended Counterclaim. Otherwise, the Court should (1) **DIRECT** that the attached be treated as filed, such that it replaces the initial Counterclaim for all purposes; and (2) **DIRECT** Mey to answer or otherwise response to the First Amended Counterclaim.

Respectfully submitted,

*/s/ Jared M. Tully*
Jared M. Tully (WV Bar No. 9444)
Blake N. Humphrey (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street E, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
jtully@fbtlaw.com
bhumphrey@fbtlaw.com

*/s/ Richard W. Epstein*
Richard W. Epstein*
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
richard.epstein@gmlaw.com

Jeffrey Gilbert*
GREENSPOON MARDER LLP
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Telephone: 305-789-2761
jeffrey.gilbert@gmlaw.com

Carlos R. Baralt Suárez*
BARALT LAW LLC
P.O. Box 190751
San Juan, PR 00919
Telephone: 939-625-3712
cbaralt@baraltlaw.com

*Admitted pro hac vice*

**Counsel for William Pintas, P&M Law Firm LLC, & P&M Law Firm (PR), LLC**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY, on behalf of herself**
**and a class of others similarly situated,**

      *Plaintiff-Counterclaim Defendant,*

**v.**                              **Civil Action No.: 5:24-cv-55**

**WILLIAM PINTAS, P&M LAW**
**FIRM, LLC, P&M LAW FIRM (PR), LLC,**

      *Defendants-Counterclaim Plaintiffs,*

**and**

**RELIANCE LITIGATION, LLC, and JAMES**
**RYDER INTERACTIVE, LLC,**

      *Defendants.*

---

## CERTIFICATE OF SERVICE

    I, Jared M. Tully, certify that on Monday, August 5, 2024, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF filing system.

                                        */s/ Jared M. Tully*
                                        Jared M. Tully (WV Bar No. 9444)