IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                        Civil Action No. 5:24-CV-55

WILLIAM PINTAS, et al.

    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS P&M LAW'S AMENDED COUNTERCLAIMS

Plaintiff's original motion to dismiss spurred P&M Law to amend their counterclaims. But those amendments are all form and no function, ignoring the deficiencies that plagued their original counterclaims. The counterclaims remain as deficient as before, warranting dismissal for failure to state a viable claim. *See* Fed. R. Civ. P. 12(b)(6).

In Count I, P&M Law purports to state a claim under W. Va. Code § 61-3-24 for "obtaining services under false pretenses." This claim fails as a matter of law because it is premised on a criminal statute, which does not afford any private right of action. Even if it did, P&M Law fails to allege the elements of that claim. For one, Mey's use of a pseudonym—employed to unmask the identities of illegal telemarketers—is not a fraudulent act. For another, P&M Law fails to identify any services obtained by Mey—fraudulent or not.

In Count II, P&M Law purports to state a claim for fraudulent legal process under W. Va. Code § 61-5-27a. But P&M Law fails to pinpoint any specific fraudulent misrepresentation of fact or law within Mey's lawsuit. Labeling the lawsuit itself as fraudulent, without more, is wholly insufficient. Second, P&M Law claims that Mey failed to serve them prior to the TRO hearing. But at that preliminary stage, neither this Court nor the Federal Rules of Civil Procedure mandated such service.

In Count III, P&M Law purports to state a claim for common law fraud. This claim is reiterative of their statutory fraud claim and fails for many of the same reasons: the use of a pseudonym is not a fraudulent act and, even if it were, P&M Law fails to identify any resulting injury. And because P&M Law fails to allege two critical elements—much less satisfy the heightened pleading requirements of FRCP 9(b)—their claim must be dismissed.

In Count IV, P&M Law purports to state a claim for abuse of process. P&M Law, however, fails to identify any actual misuse or misapplication of process. P&M Law claims that Mey's lawsuit is tantamount to forum shopping. Yet, this Court has already found that this district is a proper venue for Mey's claims. Even then, the regular use of process cannot constitute abuse, regardless of motive. And absent allegations that Mey's used legal process in a manner not proper for the regular prosecution of a case, P&M Law's claim must fail.

## P&M LAW'S OPERATIVE ALLEGATIONS

Mey alleges that she received several unsolicited telephone calls from P&M Law on February 8, 2024. Counterclaim ¶ 10. The caller gave her information about the Camp Lejeune litigation. *Id.* at ¶ 11. At first, Mey could not establish the identity of the parties responsible for generating the calls. *Id.* at ¶ 12. P&M alleges that Mey made "deceitful" representations to the callers in order to gain additional information about their identities. *Id.* at 13. In particular, Mey used an alias – "Rhonda Nicholson" – and feigned interest in the Camp Lejeune litigation "to invite more calls about the litigation so she could generate more calls about which to complain, her true intentions for continuing to engage the callers." *Id.* at ¶ 14.

After receiving the calls and identifying P&M Law as a responsible party, Mey emailed P&M Law a pre-suit demand to resolve her TCPA claims. *Id.* at ¶¶ 15-16. When P&M Law refused to settle, Mey sued P&M Law. *Id.* at ¶ 17. Based on these "invited communications and consent," Mey amassed at least 21 calls and 3 texts, which she claims violated the TCPA. *Id.* at ¶ 18.

P&M Law alleges that "Mey engaged in deceit and fraud by creating and using the false identity 'Rhonda Nicholson' at a false address, and by lying about her state of residence – Illinois – as the vehicle for Mey's demands, bar complaints, and lawsuit." *Id.* at ¶ 21. P&M Law further claims that "Mey also committed fraud by inviting or giving permission to caller affiliates to receive more informational calls about the Camp Lejeune Water Contamination Compensation Claims – with no intent other than to add calls about that subject to her claims of TCPA violations

against P&M." *Id*. at ¶ 22. Finally, P&M avers that "Mey continued her deceit by agreeing to have a retainer agreement prepared under the name 'Rhonda Nicholson,' the fictional character central to Mey's fraudulent acts, conduct, and representations." *Id*. at ¶ 26. "Rhonda Nicholson had no intention, but acted as if she did, of signing the retainer agreement she invited be sent to her because the true motive and intent was behind asking for the retainer agreement was so Mey could use the retainer to generate more in-bound calls as TCPA violations in Mey's lawsuit." *Id*. at ¶ 27.

## DISCUSSION

### Count I: "Obtaining Services Under False Pretenses"

In Count I, P&M Law purports to state a claim under W. Va. Code § 61-3-24, alleging that Mey obtained services under false pretenses. Counterclaim ¶¶ 32-37. But W. Va. Code § 61-3-24 is a criminal statute, which does not afford a private right of action. P&M Law's statutory claim should be dismissed for this reason alone.

P&M Law points to subsection (f), which provides that "[p]rosecution for an offense under this section does not bar or otherwise affect adversely any right or liability to damages, forfeiture or other civil remedy arising from any or all elements of the criminal offense." W. Va. Code § 61-3-24(f). That subsection, however, does not *create* a civil cause of action. Rather, it provides that a criminal prosecution does preclude a civil claim, created elsewhere, premised on the same conduct. That is to say, P&M Law may state a claim for common law fraud, but that claim would does

4

not arise from the statute.[1] When properly characterized as a common law fraud claim, that claim, too, fails for the reasons discussed in relation to Count III.

### Count II: Fraudulent Legal Process

In Count II, P&M Law purports to state a claim for fraudulent legal process under W. Va. Code § 61-5-27a(h). The theory of their claim appears two-part: first, that Mey's lawsuit is itself fraudulent, and second, that Mey failed to effectuate proper service but proceeded as if she had. Neither is sufficient to state a claim for fraudulent legal process.

First, while P&M's counterclaim is brimming with the word "fraudulent," it is starved of actual substance. The term "fraudulent," as used in the relevant statute, means "not legally issued or sanctioned under the laws of this state or of the United States, including forged, false, and materially misstated." W. Va. Code §§ 61-5-27a and 27. Here, P&M Law states that Mey's lawsuit "is fraudulent on the facts and the law." Counterclaim ¶ 42. Yet, P&M Law does not point to any supposed misrepresentations of fact. Nor do they point to any misstatements of law. Absent specific allegations plausibly suggesting that Mey's lawsuit is a product of fraud, P&M Law's claim must be dismissed. *See United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir.2014) (providing that allegations of fraud must meet the more stringent particularity requirement of Federal Rule of Civil Procedure 9(b)).

---

[1] For purposes of comparison, W. Va. Code § 61-5-27a, a criminal statute punishing fraudulent legal process, expressly provides for a private right of action. *See* W. Va. Code § 61-5-27a(h). That W. Va. Code § 61-3-24 does not contain a similar expression suggests that its drafters did not intend to create a private right of action thereunder.

P&M Law tries to equate their claim with Mey's own fraudulent legal process claim, arguing that this Court refused to dismiss her claim based on the "bare allegation" that the Puerto Rican lawsuit "contains several false or materially misstated allegations." ECF No. 83. P&M Law mischaracterizes the extent and detail of Mey's allegations, which serve as the critical distinction between the parties' allegations. Unlike P&M Law, Mey specifically identified several misrepresentations in the Puerto Rican lawsuit and credibly alleged an improper motive and purpose behind it.[2]

Second, P&M Law alleges that Mey failed to effectuate proper service prior to the TRO hearing but proceeded as if she had.[3] Yet, neither this Court nor the Federal Rules of Civil Procedure required actual service at that early juncture. This Court required "actual notice" prior to the hearing, which Plaintiff provided. ECF No. 10. In addition to hand delivering a copy of the order and related documents to P&M Law's Chicago office (ECF No. 11), Mey's attorneys also emailed those same documents to P&M Law's Puerto Rican counsel on Friday, April 26, 2024 at 2:22 pm

---

[2] For example, Mey alleged that: (1) P&M Law misrepresented her contacts with Puerto Rico to fabricate personal jurisdiction; (2) P&M Law served the Puerto Rican lawsuit in a deceptive manner, ensuring entry of default; (3) P&M Law falsely claimed that Mey consented to the calls on February 9, omitting that the calls began the day before; (4) P&M Law falsely stated that Mey requested follow-up calls; and (5) P&M Law falsely asserted that the calls stopped when requested. *See* ECF No. 1, ¶¶ 46-68.

[3] Though P&M Law challenges earlier efforts at service, it does not dispute that service was ultimately effectuated. Nor could it. Mr. Pintas was served by leaving copies of the summons and complaint at his personal residence in Puerto Rico with a person of suitable age. ECF No. 64. P&M Law (PR) was, in turn, served through its member, Mr. Pintas. ECF No. 65. And P&M Law (Chicago) was served through the Illinois Secretary of State. ECF No. 59.

(Counterclaim ¶¶ 45-47). P&M Law plainly received "actual notice" of the hearing, as further evidenced by the counsels' in-person appearance. Nor was actual service required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 65(a)-(b) (requiring, at most, notice to the adverse party). P&M Law's claim cannot be premised on the absence of something explicitly waived by the federal rules. Even if actual service were required, a deviation from Federal Rule of Civil Procedure 4 does not create an affirmative cause of action for fraudulent legal process. *See Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 451 (D. Del. 2007) (providing that the Federal Rules of Civil Procedure do not create private cause of action that would support claim under state law for civil conspiracy to evade discovery obligations); *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 402 (D. Md. 2016) (providing that the Rules do not create a private cause of action and dismissing the claim as frivolous); *Good v. Khosrowshahi*, 2008 WL 11451613, at *4 (D.N.M. Mar. 17, 2008) ("it is clear that non-compliance with a federal rule cannot create a private cause of action").

For these reasons, P&M Law's claim for fraudulent legal process must be dismissed.

### Count III: Common Law Fraud

P&M Law's common law fraud claim is just reiteration of its prior two claims. To state a claim for fraud, P&M Law must allege "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in

7

relying upon it; and (3) that he was damaged because he relied on it." *Michael v. Consolidation Coal Co.*, 2017 WL 1197828, at *13 (N.D.W. Va. Mar. 31, 2017) (Keeley, J.). P&M Law's claim must be dismissed for failure to sufficiently plead any fraudulent conduct or resulting injury.

P&M Law suggests that the use of a pseudonym amounts to fraudulent conduct. But, as this Court has already noted, "the Federal Trade Commission and numerous courts have endorsed plaintiffs posing as interested consumers in order to identify the source of a call." ECF No. 68, at n.1. P&M Law's claim, if allowed to proceed, would punish the most effective means by which consumers can identify the sources of illegal calls. As P&M Law seems to acknowledge, Mey used an alias to unmask the identities of the callers and those they were calling on behalf of. At no point does P&M Law suggest that Mey was attempting to extract free legal services from them. Thus, P&M Law has failed to allege any fraudulent conduct.

As to the element of injury, P&M Law fails to explain its theory of detrimental reliance. Most obviously, P&M Law fails to allege monetary injury resulting from Mey's investigative tactics. Nor do they allege that Mey extracted anything else of value. That Mey's feigned interest "secure[d] a promise" to undertake representation is wholly insufficient to state a cognizable injury. *See* Counterclaim ¶ 34.[4] Thus, P&M Law has also failed to allege an injury resulting from Mey's use of a pseudonym.

---

[4] For what it's worth, Mey did not "secure a promise" of representation. P&M Law sent Mey an unsigned retainer agreement. ECF No. 42-1, at 67-70. At most, this was an *offer* of representation, which Mey declined.

### Count IV: Abuse of Process

In support of their abuse of process claim, P&M Law alleges that Mey's lawsuit was motivated by forum shopping. Counterclaim ¶ 86. Yet, this Court already found that this district is a proper venue for Mey's claims. ECF No. 68. Mey's choice of forum—indeed, a legally correct one—cannot serve as the basis for an abuse of process claim, as that claim requires a "willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." Syl. Pt. 3, *Williamson v. Harden*, 214 W.Va. 77 (2003). Even then, abuse of process "focuses on the use of the process itself, and not on the initiation of the process." *Ballock v. Costlow*, 430 F. Supp. 3d 146, 158 (N.D.W. Va. 2019). Here, P&M Law's claim is premised on the *initiation* of process rather than the improper *use* of process thereafter. At no point does P&M Law allege that, after filing her lawsuit, Mey veered outside the lawful process in pursuing her claims against them. Absent alleged impropriety in the prosecution of this case, P&M Law's abuse of process claim must fail.

### CONCLUSION

For the foregoing reasons, P&M Law's counterclaims should be dismissed in their entirety.

**DIANA MEY**

By Counsel:

/s/Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## Certificate of Service

  I hereby certify that, on September 3, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

                <u>/s/Andrew C. Robey</u>
                Andrew C. Robey (WVSB #12806)