IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.                                        Civil Action No. 5:24-CV-55

WILLIAM PINTAS, et al.

    Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS

As with their original counterclaims, P&M Law's amended counterclaims remain both legally and factually unintelligible. In keeping with that theme, their response offers more obfuscation than illumination. For instance, P&M Law purports to state two claims sounding in fraud. But, even if Mey's use of a pseudonym were somehow considered fraudulent, P&M Law fails to allege any detrimental reliance resulting from it. Failure to allege—much less explain—this critical element is fatal to both claims. Similarly, their allegations of abuse of process and fraudulent legal process are wholly deficient. P&M Law identifies neither a single misrepresentation in Mey's filings nor any improper use of legal process. Mere disagreement concerning the legal propriety of a motion or order does not, by itself, meet the threshold required to sustain either claim. If their response clarifies anything, it's that P&M Law's claims are ripe for dismissal.

## OPERATIVE ALLEGATIONS

P&M Law accuses Mey of recharacterizing their factual allegations in a misleading fashion. Yet, P&M Law fails to identify a single instance of mischaracterization. In any event, any confusion surrounding the substance of their allegations stems entirely from the lack of clarity in P&M Law's own counterclaims.

## APPROPRIATE LEGAL STANDARDS

P&M Law opens by fixating on two supposed disagreements about the correct legal standard. First, P&M Law suggests that dismissal "as a matter of law" can only be afforded under Rule 12(c). ECF No. 102, at n.2. This is plainly incorrect.[1] Second, Mey remarked that the counterclaims should be dismissed for "failure to state a viable claim." In response, P&M Law offers a one-page digression on the "plausibility" standard. *Id*. at 3-4. However, Mey's passing use of the term "viable" was not meant to suggest a different legal standard, nor could it reasonably be interpreted as such. P&M Law's argument is ultimately much ado about nothing.

---

[1] *See Onley v. Wexford Health Sources, Inc.*, 2015 WL 8751365, at *1 (D. Md. Dec. 14, 2015) ("A Rule 12(b)(6) motion constitutes an assertion by the Defendant that, even if the facts that plaintiff alleges are true, the complaint fails as a matter of law to state a claim upon which relief can be granted") (cleaned up); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true"); *Moore v. Hurst*, 2009 WL 324192, at *1 (W.D.N.C. Feb. 9, 2009) (Rule 12(b)(6) "provides for dismissal where a party has failed to state a cause of action as a matter of law"); *Cordell v. Tilton*, 515 F. Supp. 2d 1114, 1119 (S.D. Cal. 2007) ("A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable theory"); *Edwards v. OSI Collection Servs., Inc.*, 283 F. Supp. 3d 957, 959 (D. Nev. 2005) ("A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a ruling on a question of law").

## P&M LAW'S COUNTERCLAIMS

### Count I: "Obtaining Services Under False Pretenses"

P&M Law contends that W. Va. Code § 61-3-24 creates a civil cause of action. However, whether it does or not is ultimately beside the point because P&M Law still fails to plausibly allege any violation of the statute. Instead of fixating on whether the statute provides a private right of action, P&M Law would have been better served explaining *how* Mey's conduct violated its terms.

To start, P&M Law doesn't even specify which subsection Mey supposedly violated. No matter. The only conceivably applicable provision—subsection (d)—prohibits obtaining "labor, services or any other such thing of value from another by any false pretense, token or representation, with intent to defraud." W. Va. Code § 61-3-24(d). Even assuming Mey's use of a pseudonym constitutes a fraudulent act, P&M Law still fails to allege that they provided any "labor, services, or thing of value" as a result of her alleged misrepresentation. The closest they come is the vague assertion that "Mey made misrepresentations of material facts to secure a contract with P&M-PR." Counterclaim ¶ 36. Yet, the counterclaim admits that Mey never signed the proposed representation agreement, never received legal services, and never intended to execute the contract. *Id.* at ¶ 27.

Thus, whether or not Mey's actions were fraudulent, P&M Law has failed to identify any "services" obtained "under false pretenses." Therefore, even if W. Va. Code § 61-3-24 does create a civil cause of action distinct from common law fraud —

which it doesn't [Motion, ECF No. 99 at 4-5] — P&M Law has failed to plausibly allege a violation of that statute.

## Count II: Fraudulent Legal Process

To start, P&M Law states that Mey violated three subsections of W. Va. Code § 61-5-27a. P&M Law regurgitates the text of those subsections without any substantive analysis or explanation. ECF No. 102, at 7. For instance, P&M Law states the Mey violated W. Va. Code § 61-5-27a(h) by "directing the filing of and prosecuting a fraudulent action." *Id*. That subsection does not proscribe any particular conduct; it simply provides a civil cause of action for violations of other subsections. Even then, they do not explain *how* this lawsuit is fraudulent. Next, P&M Law states that Mey violated W. Va. Code § 61-5-27a(b) "by knowingly engaging in a fraudulent official proceeding or legal process." Again, they do not explain *how* this lawsuit is fraudulent. Finally, P&M Law states that Mey violated W. Va. Code § 61-5-27a(c) by "knowingly causing a public official to file, record, or deliver a fraudulent complaint, defective summons, or other legal process." Yet again, they fail to explain *how* either was fraudulent or defective.

Then, rather than explain the factual basis for their claim, P&M Law blanketly cites a 53-paragraph range of allegations. ECF No. 102, at 7. This Court is then left to guess how, if at all, those paragraphs square with their fraudulent legal process claim. That range, however, does not contain any allegation identifying any official proceeding or legal process that was "fraudulent" or "not legally issued or sanctioned under the laws of this state or of the United States, including forged, false, and

materially misstated." W. Va. Code § 61-5-27(a). Mey should not be left to guess the bases for their claim.

P&M Law claims that "Mey filed her complaint in this Court and afterwards knowingly engaged in and directed a scheme to, among other things, prepare fraudulent filings and papers (such as her Complaint) based on intentional misrepresentations, allegations which on a motion to dismiss must be taken as true." ECF No. 102, at 7 (internal citations omitted). Yet again, P&M Law's gratuitous use of the term "fraudulent" is left unexplained. In what has become a pattern, P&M Law simply cites back to a broad swath of allegations in their counterclaim. And those citations refer to much of the same: general and conclusory allegations of fraud, lack any substantive detail.

Inching closer to an explanation, P&M Law takes issue with this Court's anti-suit injunction, which they claim is a violation of W. Va. Code § 61-5-27a(b). Aside from a general disagreement of law, P&M Law fails to explain *how* the injunction was a product of fraud or itself fraudulent. A disagreement as to its legal propriety is hardly sufficient to state a claim for fraudulent legal process—especially when this Court found that Mey was entitled to that relief. In that same vein, P&M Law generally accuses Mey of forum shopping. Again, a disagreement as to this Court's jurisdiction is insufficient to state a claim for fraudulent legal process—especially when this Court has found that this is a proper venue for Mey's claims. Allowing P&M Law's claims to proceed on these bases would be wholly contrary to this Court's prior rulings.

Finally, P&M Law once again leans on their tired and baseless accusations of racism and nativism, claiming that Mey has made "fabricated allegations centrally focused on condemning (1) the courts in the Commonwealth of Puerto Rico; (2) the P&M-(PR) Puerto Rican lawyer who attended the TRO hearing; and (3) the Puerto Rican people." ECF No. 102, at 8. They fail to identify any specific allegations they believe to be "fabricated." And, even if P&M Law's apparent offense at these perceived slights could transform their grievances into a valid claim of fraudulent legal process, they fail to explain how Mey or this Court are motivated by any personal animus against Puerto Ricans.[2] That P&M Law is left to cry "racism" underscores the unseriousness of their claims.

## Count III: Common Law Fraud

Detrimental reliance, or injury, is a fundamental element of common law fraud. See *Michael v. Consolidation Coal Co.*, 2017 WL 1197828, at *13 (N.D.W. Va. Mar. 31, 2017) (Keeley, J.) (identifying detrimental reliance as a required element of fraud). Even if Mey's use of a pseudonym were deemed fraudulent (which it was not), P&M Law fails to allege any detrimental reliance resulting from it. They do not claim to have provided legal services to Mey under false pretenses, nor do they assert any economic injury stemming from her representations. P&M Law had ample opportunity to allege such injury in both their original and amended counterclaims—

---

[2] P&M Law has not spared this Court of such incendiary insinuations. *See, e.g.*, Appellants Br., Doc. 17-1, at n.12 ("Quickly chiding Mr. Baralt's reasoned explanation as to why Spanish was an appropriate language for the proceedings in Puerto Rico, the District Court interjected and exclaimed that '*you people* have been acting in bad faith.'") (emphasis added by P&M Law).

6

but they did not. They also had multiple chances to explain their theory of injury in their responses, yet they continue to sidestep the issue.

Attempting to evade this deficiency, P&M Law claims it is "not obligated to plead in anticipation of Mey's possible affirmative defenses." ECF No. 102, at 9. While true, that does not absolve them of the obligation to plead each element of their affirmative *claim*.[3] On the critical issue of injury, P&M Law's argument boils down to a single conclusory statement: "P&M suffered damages because of Mey's misconduct." ECF No. 102, at 10. This one sentence speaks for itself.

### Count IV: Abuse of Process

P&M Law states that "Mey abused process by her willful and malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." ECF No. 102, at 10. "The focus of these allegations," P&M Law suggests, "is on how Mey maliciously used and abused process." *Id*. Yet again, P&M Law blindly recites the same conclusory statements without identifying any factual allegations which might actually support a claim for abuse of process.

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or

---

[3] *See Roth v. United States*, 952 F.2d 611, 613 (1st Cir.1991) (providing that, at a minimum, a claimant is "obliged to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory"); Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 479 (4th Cir. 2006) (providing that failure to plead a causal injury is fatal to common law fraud claims); *In re Receivership Est. of Indian Motorcycle Mfg., Inc.*, 299 B.R. 36, 48 (D. Mass. 2003) ("Where allegations of injury are merely conclusions unsubstantiated by fact, the claim must be dismissed").

7

warranted by that process." Syl. Pt. 3, *Williamson v. Harden*, 214 W. Va. 77 (2003). "To survive a Motion to Dismiss, the Complaint must allege (1) an ulterior purpose, and (2) some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process which is external and collateral to the proper proceeding." *Hall v. Putnam Cnty. Comm'n*, 637 F. Supp. 3d 381, 402 (S.D.W. Va. 2022) (cleaned up). The former element generally includes the use of process to intimidate, coerce, or achieve some other outcome not intended by the law. *Id*. The latter element generally involves actions that are a significant deviation from standard legal procedures, aimed at accomplishing an objective external to the process itself. *Id*.

Attempting to backfill its claim with supporting allegations, P&M Law offers a sundry list of grievances, none of which rise to the level of abuse.

- P&M Law complains that Mey waited nearly a year after the Puerto Rican lawsuit to file her own lawsuit. ECF No. 102, at 11. They also complain that Mey waited an additional 38 days before moving to enjoin the Puerto Rican lawsuit. *Id*. P&M Law, however, fails to explain how this timing is suggestive of legal abuse. Nor could they. Mey's choice of timing did not run afoul of any rule or deviate from any legal process.

- P&M Law complains that the TRO hearing was scheduled a few days after the motion was filed. *Id*. But Mey is not the one that dictated the date or time of the hearing.

- P&M Law complains that they had insufficient notice of the hearing. *Id*. Yet, they acknowledge that Mey emailed their attorney a copy of the motion and notice of the impending hearing. *Id*. P&M Law fails to identify any rule or order requiring greater notice.

- P&M Law claims that Mey obtained an injunction without a bond. *Id*. at 12. But this Court did not require a bond. P&M Law fails to explain how Mey's failure to post a bond—when one was not even required—amounts to abuse of process.

- P&M Law complains that Mey prejudiced them in front of this Court and made personal attacks on P&M Law and its lawyers and the courts in Puerto Rico. *Id*. But pointing out P&M Law's own impropriety is neither inappropriate nor the basis for an abuse of process claim. That said, P&M Law did a fine job of putting their character at issue without any help from Mey.

- P&M Law complains that Mey asked for an unprecedented injunction under the Anti-Injunction Act. *Id*. at 13. But they fail to explain how Mey's invocation of these injunctive rights amounts to abuse of process, especially when this Court has already ruled that she is legally entitled to that relief. A mere disagreement of law does not give rise to an abuse of process claim.

- P&M Law complains that this lawsuit was, "in part," an effort at forum shopping. Yet, this Court has already ruled that jurisdiction and venue are

proper in this Court. Again, a mere disagreement of law does not give rise to an abuse of process claim.

As illustrated above, P&M Law attempts to weaponize each and every disagreement or slight into a claim for abuse of process. But P&M Law's claim is patently frivolous and lacks any discernable basis in law. If anything, their own claim amounts to an abuse of process.

## CONCLUSION

For the foregoing reasons, P&M Law's counterclaims should be dismissed in their entirety and with prejudice.

**DIANA MEY**

By Counsel:

/s/ Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

**Certificate of Service**

      I certify that on September 24, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

                                          /s/ Andrew C. Robey